LaFOREST v GRUNOW

1. COSTS—PREVAILING PARTY—IMPROVED POSITION—COURT RULES.

> One is not a "prevailing party" for purposes of assessing costs in litigation unless he has improved his position by the litigation (GCR 1963, 526.1).

2. COSTS—PREVAILING PARTY—IMPROVED POSITION—COURT RULES.

> One who settles with his own insurance company under uninsured motorist coverage for loss from an automobile accident and then sues the uninsured motorist cannot be deemed the "prevailing party" for purposes of assessing costs unless he obtains a greater amount by his action than the amount of the settlement (GCR 1963, 526.1).

3. COSTS—PREVAILING PARTY—IMPROVED POSITION.

> A plaintiff improved his position by obtaining a judgment which, including interest, was greater than a previous settlement with his own insurance company under uninsured motorist coverage, thus making him the "prevailing party" and entitling him to costs (GCR 1963, 526.1).

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 June 7, 1972, at Detroit. (Docket No. 10891.) Decided October 24, 1972.

Complaint by Judith LaForest and John La-Forest against William H. Grunow for negligence in the operation of an automobile. Judgment for plaintiff against defendant for interest and costs and against the Motor Vehicle Accident Claims Fund for costs. The Secretary of State appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 20 Am Jur 2d, Costs § 14 *et seq.*

*Dietrich & Shrauger* (by *Marshall Fogelson),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *Loren E. Bodem,* Special Assistant Attorney General, for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and BORRADAILE,* JJ.

BORRADAILE, J. Judith LaForest was injured in an automobile accident on July 31, 1966. William H. Grunow, an uninsured motorist, was the owner and operator of the vehicle which struck the car in which Judith LaForest was riding. John LaForest, the husband of Judith LaForest, claimed damages for medical bills and loss of consortium.

Plaintiffs had insurance up to a limit of $10,000. They settled with their insurance carrier for $9,-125 plus $500 for medical expenses. Thereafter, they sued Mr. Grunow. He failed to defend and the Secretary of State was given notice pursuant to the Motor Vehicle Accident Claims Act. MCLA 257.1108; MSA 9.2808.

The Secretary of State chose to defend the suit on behalf of the defendant. A jury trial was held in July 1970 and a verdict of $7,700 for Judith LaForest and $1,300 for John LaForest was returned. This being less than the amount already obtained from plaintiffs' insurance company, the court held that plaintiffs could not recover on the judgment from either Mr. Grunow or the Motor Vehicle Accident Claims Fund.

The trial court found statutory interest in a total amount of $825 and costs of $484. The judgment provided recovery for the interest and costs

---

* Probate judge, sitting on the Court of Appeals by assignment.

from Mr. Grunow and costs from the Motor Vehicle Accident Claims Fund. It reserved a decision on the recovery of interest from the Motor Vehicle Accident Claims Fund apparently because of a case pending in which the right to recover interest from the Accident Claims Fund was presented.

The Secretary of State appealed claiming that since the Motor Vehicle Accident Claims Fund was not liable to pay any amount toward satisfaction of the judgment, it should not and could not be responsible for payment of any costs taxed in regard to that judgment. No case authority was cited but reliance was placed on GCR 1963, 526.1 which reads:

"In any action or proceeding, costs shall be allowed as of course *to the prevailing party,* except when express provision therefor is made either in a statute or in these Rules, or unless the court otherwise directs, for reasons stated in writing and filed in the cause." (Emphasis added.)

The Secretary of State contends that plaintiffs were not the "prevailing party" under the facts and the judgment as to the Motor Vehicle Accident Claims Fund.

The plaintiffs maintain that they were the "prevailing party" since the verdict was rendered in their favor even though the verdict was for a lesser amount than the settlement, for which the Motor Vehicle Accident Claims Act allows the fund a credit, with the result that the fund did not have to pay plaintiffs anything. MCLA 257.1122; MSA 9.2822. Plaintiffs were also unable to cite any case law.

It is our opinion that the plaintiffs should not be deemed the "prevailing party" for the purpose of assessing costs unless they improved their position.

Compare GCR 1963, 526.5. To hold otherwise would encourage unnecessary litigation. If the fund has to pay the costs even when plaintiffs do not improve their position, then there is less incentive for a plaintiff to evaluate the merit of his case before going to court.

Applying the "improved position" test to the present case, we note that since this case was tried it has been held that the Motor Vehicle Accident Claims Fund is liable for interest on that portion of a judgment which does not exceed the fund's statutory obligation. *Douglas v Secretary of State*, 32 Mich App 533 (1971). When the interest of $825 is added to the $9,000 verdict, there is a total liability of $9,825. The plaintiffs' settlement was $9,125 plus $500 for medical expenses making a total of $9,625. Thus the plaintiffs did improve their position by $200, making them the prevailing party and entitled to costs in this case.

Plaintiffs also filed a cross appeal raising two issues, neither one of which requires reversal. They contend that it was error for the defendant to use pleadings alleging non-support in a divorce case between the plaintiffs for the purpose of impeachment. They argue that the cause of the divorce was irrelevant and had a potential effect of being highly prejudicial.

The trial court is given great discretion in allowing collateral matters to be brought out on cross-examination. *Owen v Birmingham Federal Savings & Loan Assoc,* 27 Mich App 148 (1970). The record shows that it was the plaintiffs who interjected the cause of the divorce into the case. We find no abuse of discretion in allowing the defendant to cross-examine on the cause and to impeach the plaintiffs.

Plaintiffs also argue that error occurred when

Mrs. LaForest was asked by defense counsel if she had received any compensation for her injuries, and when in closing argument defense counsel told the jury not to take money from Mr. Grunow's pocket and put it in Mrs. LaForest's pocket and Mr. LaForest's pocket. Plaintiffs claim that defense counsel implied that plaintiffs had received some compensation for their injuries and that Mr. Grunow had no insurance.

The question regarding compensation was withdrawn by defense counsel before it was answered, and the plaintiffs did not object to defendant's closing argument. Failure to object or request an instruction concerning the argument precludes raising the question on review. *People v Stroble,* 31 Mich App 94 (1971).

Plaintiffs shall have interest on their judgment, and costs.

All concurred.