PEOPLE v MARTIN

Docket No. 80922. Submitted October 2, 1985, at Lansing.—Decided November 19, 1985.

Richard A. Martin was charged with armed robbery on October 3, 1983. Preliminary examination was held on that charge on November 2, November 22 and December 16, 1983. Following the filing of briefs on a motion brought by defendant, defendant was bound over by the district court on July 10, 1984. Arraignment on the information in Oakland Circuit Court was scheduled for July 26, 1984. On that date everyone appeared in circuit court except defendant who, although he had been released from custody on the armed robbery charge after posting a bond, was being held in Macomb County on unrelated charges. While the Oakland County Sheriff's office knew that defendant had been arrested and was being held in Macomb County, that information had not been communicated to the prosecutor's office. The prosecution sought a one week continuance of the arraignment so that defendant could be secured from the Macomb County authorities. The trial court, James S. Thorburn, J., denied the motion for a continuance and dismissed the charges. The prosecution moved for a rehearing, which was denied because of the failure of the prosecution to arraign defendant in a timely fashion. The people appealed. *Held:*

The circuit court erred by refusing to grant the continuance and by dismissing the charges. While a motion for a continuance is addressed to the trial court's discretion, the exercise of that discretion must involve the weighing of the competing interests involved. Since the defendant would not be prejudiced by the one week delay and there would be a substantial expenditure of judicial resources involved in the reinstatement

REFERENCES

Am Jur 2d, Appeal and Error § 84.

Am Jur 2d, Continuance §§ 27 *et seq.*

Am Jur 2d, Criminal Law §§ 849 *et seq.*

Continuances at instance of state public defender or appointed counsel over defendant's objections as excuse for denial of speedy trial. 16 ALR4th 1283.

of the charges, it was an abuse of discretion for the trial court to deny the continuance under these circumstances.

Reversed and remanded.

1. CRIMINAL LAW — CONTINUANCES — APPEAL.

Broad discretion is given to a trial judge in a criminal case as to whether to grant or deny a motion for a continuance; a trial judge's decision on a motion for a continuance will not be overturned on appeal absent a showing of a clear abuse of discretion.

2. CRIMINAL LAW — CONTINUANCES.

It is an abuse of discretion for a circuit court to refuse to grant a prosecutor's motion for a one week continuance of an arraignment on the information where the continuance was requested because the police had failed to inform the prosecutor that the defendant would be unavailable because he was in police custody in an adjoining county and where the granting of the continuance would result in no substantial prejudice to the defendant but the denial of the motion for a continuance would require the prosecution to begin new proceedings which had already involved significant amounts of court time.

3. CRIMINAL LAW — SPEEDY TRIAL — UNREASONABLE DELAY.

The constitutional and statutory speedy trial requirement mandates dismissal of crimainal charges only if trial is unreasonably delayed (US Const, Am VI; MCL 768.1; MSA 28.1024).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellant Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Kavanagh & Kavanagh* (by *Thomas G. Kavanagh, Jr.),* for defendant.

Before: M. J. KELLY, P.J., and ALLEN and R. M. SHUSTER,* JJ.

PER CURIAM. In this appeal by the people we are asked to decide whether the respected trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erred by declining the prosecution's motion for a one week continuance of arraignment in circuit court. We answer in the affirmative and reverse.

On October 3, 1983, defendant was charged with armed robbery. Preliminary examination was held in district court on November 2, November 22, and December 16, 1983, and the case was adjuourned for the filing of briefs on a motion brought by defendant. Defendant posted bond and was released from custody on the pending charge.

Decision on defendant's motion was made on July 10, 1984, and defendant was bound over as charged to circuit court. Arraignment in circuit court was set for July 26, 1984. In June, 1984, defendant, who had been out on bond, was arrested in Macomb County. On the date set for arraignment, all parties except defendant were present. While the Oakland County Sheriff's Department was aware of defendant's arrest and that a writ had been issued for defendant's custody in Macomb County, those facts had not been communicated to the prosecution. The assistant prosecutor requested a one week adjournment so that defendant could be returned by habeas corpus to Oakland. Defense counsel objected and asked dismissal of the case. The trial court responded simply: "My reaction is, case dismissed. So ordered."

The prosecution promptly moved to set aside the order of dismissal. Hearing was held on the motion at which time defense counsel argued that statutes and case law required "arraignment without unnecessary delay". On August 29, 1984, the trial judge denied the motion, stating:

"Well, the Court is of the opinion that in days gone by the reason for the case law and the statute are that they used to put a respondent on the merry-go-round so his lawyer couldn't talk to him. Now, I guess it's so a

prosecutor can't talk to him. But it seems to me that the State for purposes of a criminal case are *(sic)* one person and the State has an obligation to produce a body at the time and have a prompt arraignment. There was no prompt arraignment.

"The Court is of the opinion that the cause should remain dismissed."

From an order dismissing the cause "for the failure of the People to arraign defendant in a timely fashion", plaintiff appeals an of right.

Board discretion is given trial judges in ruling upon motions for continuances. *People v Taylor,* 110 Mich App 823, 832; 314 NW2d 498 (1981). A trial judge's decision to deny a continuance will not be overturned absent a clear abuse of discretion. *People v Drossart,* 99 Mich App 66, 83; 297 NW2d 863 (1980). Older cases adopted the "abuse of discretion" test presecribed for civil cases in *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959).[1] The *Spalding* standard has been modified for criminal proceedings. *People v Charles O Williams,* 386 Mich 565, 575; 194 NW2d 337 (1972); *People v Merritt,* 396 Mich 67, 80-81; 238 NW2d 31 (1976). Those cases employed a weighing of competing interests involved standard.[2] As was stated in *Merritt:*

---

[1] "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but pervisity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

[2] In *Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985), the Supreme Court referred to the *Spalding* standard but arguably diluted its recent endorsement of that standard (see *Mar's v Board of Medicine,* 422 Mich 688; 375 NW2d 321 [1985]) by quoting Justice Levin's concurring opinion in *People v Tally,* 410 Mich 378, 399; 301 NW2d 809 (1981). The Court thus continues to send out conflicting signals as to that much-criticized standard of appellate review.

"However, even under *Williams,* whether the choice was an appropriate one *varies with the facts of each case, and must inevitably involve a weighing of the competing interests involved.* Where the preclusion sanction is involved these issues become: do the possible risk of false testimony and the interruption in the orderly administration of justice justify this intrusion on defendant's right?

"Obviously, there may be occasions when defendant's delaying tactics or clear disregard for the rules leave the trial court no other choice. At times, however, perhaps because of late discovery of witnesses despite a diligent search or other circumstances beyond the control of defendant and his or her counsel, the interest of the state in fullest discovery and a fair trial for defendant might well outweigh any negative effects on the trial process." 396 Mich 82-83. (Emphasis supplied; footnote omitted.)

In the instant case, the trial judge gave no reasons for his ruling of July 26, 1984, dismissing the case. He simply stated: "My reaction is, case dismissed." Thus, even under the *Spalding* standard it appears that the ruling was more an exercise of pique than an exercise of discretion. Certainly it is difficult for an appellate court to decide if discretion has been properly exercised when no reasons have been assigned for the decision under review.

However, the trial judge's ruling on August 29, 1984, following the hearing on the prosecution's motion to set aside the order of dismissal, was an exercise of discretion. We do not agree with the court's concusion that "there was no prompt arraignment". The trial judge's order dismissing the case "for failure of the People to arraign defendant in a timely fashion" is not supported by precedent. While it is true that the state has an obligation to provide a prompt arraignment, it does not follow that a one week continuance would

make the arraignment untimely. Arraignment was acheduled for July 26, 1984, just ten days after defendant was bound over to circuit court. Furthermore, the prosecution had requested no prior delays. Infact, the record discloses that the arraignment was the first time at which the case had been called in circuit court.

Under the balancing standard in *Williams, supra,* and *Merritt, supra,* a one week delay would appear justified. There would be no prejudice to the defendant who already was incarcerated in the Macomb County jail. Balanced against that minor inconvenience is the major inconvenience to the state in reinstating the proceedings against the defendant. The preliminary examination had lasted three days, involved the presentation of eight witnesses, and required the briefing of complex issues and the preparation of a transcript. Because of these problems 269 days had elapsed before the defendant had been bound over to the circuit court on the charge. To force the prosecution to repeat this process would result in an obvious waste of judicial resources and inevitably would raise questions concerning defendant's right to a speedy trial. Indeed, reinstatement of the charges not only would be detrimental to the state, it would be more prejudicial and detrimental to defendant than a one week delay in arraignment.

Although the delay in arraignment was attributable to the prosecutor, bad faith was not involved. Administrative inadvertence on the part of the Oakland County Sheriff's Department which did not inform the prosecutor's office that defendant was confined in jail in Macomb County was the primary reason for the delay. Finally, we note that no statute prescribes a specific time by which arraignment on the information (as distinguished

from trial) must occur. Rather, statutes prescribing the right to a speedy trial govern the time frame. MCL 768.1; MSA 28.1024; US Const, Am VI. Under the stautes and constitution, dismissal for lack of a speedy trial is granted only if trial is unreasonably delayed. *People v Collins,* 388 Mich 680, 687; 202 NW2d 769 (1972). Nothing in the instant case persuades us that a delay of one week was unreasonable. In fact, a much greater delay will result by dismissal and reinstatement of the charges.

Judgment reversed and the case remanded for reinstatement of the information with instructions to proceed to arraignment.