STAMP v HAGERMAN

Docket No. 106692. Submitted April 13, 1989, at Grand Rapids. Decided December 4, 1989.

Plaintiffs, Timothy Stamp and Stephanie Stamp, brought a negligence action in the Kalamazoo Circuit Court against Ernest Hagerman, Jr., and Pat Hagerman after Stephanie Stamp sustained injures as a result of an automobile accident with Ernest Hagerman, Jr. The case was submitted to mediation on two separate occasions. The first mediation evaluation was for $35,000 and the second was for $50,000. Plaintiffs accepted and defendants rejected both evaluations. In June, 1986, defendants offered to stipulate to a judgment of $20,000, while plaintiffs made a counteroffer of $65,000. In July, 1987, plaintiffs offered to stipulate to a judgment of $50,000, while defendants made a counteroffer of $25,000. The attempts to settle the case were unsuccessful and, thereafter, the jury returned a verdict of $17,500. The trial court, William G. Schma, J., entered a judgment on the verdict and also allowed plaintiffs interest on the verdict commencing from the date the complaint was filed and continuing until satisfaction of the judgment. The trial court also ordered costs of $1,212.60 to plaintiffs under MCR 2.625 as the prevailing parties in the action. This was offset by an award of costs to defendants of $450.40 under MCR 2.405, which governs allowable costs following an opposing party's rejection of an offer to stipulate to a judgment. Defendants appealed.

The Court of Appeals *held:*

1. The trial court erred in awarding costs to plaintiffs under MCR 2.625 since plaintiffs did not fully prevail in the action.

2. The trial court properly found that defendants were entitled to costs under MCR 2.405 and did not err in refusing to award defendants attorney fees as part of their actual costs under MCR 2.405.

3. The trial court did not err in allowing interest to accrue on

References

Am Jur 2d, Appeal and Error § 18; Costs §§ 14, 15, 72; Damages §§ 664, 665.

See the Index to Annotations under Attorneys' Fees; Costs; Judgments, Orders, and Decrees.

the jury verdict after defendants' last offer of $25,000. Such determination was within the trial court's discretion and there was no abuse of discretion in this matter.

Affirmed in part and reversed in part.

1. COSTS — PREVAILING PARTIES.

Absent a prohibition in a statute or court rule, or unless the court directs otherwise, costs are allowed to the prevailing party in an action; where only a single cause of action is alleged, the plaintiff must fully prevail on the entire record in order to be deemed the prevailing party in the action; a showing of an improved position is a minimal standard for taxing costs (MCR 2.625[A][1] and [B][2]).

2. COSTS — ATTORNEY FEES — STIPULATED JUDGMENTS — REFUSAL TO STIPULATE.

Although an award of attorney fees is favored under MCR 2.405(D)(3), a trial court may, in the interest of justice, refuse to award an attorney fee as part of an award of actual costs to a party following the opposing party's rejection of an offer to stipulate to a judgment; the determination of what constitutes "in the interest of justice" must be decided on a case-by-case basis and, while not controlling, the court may consider the good faith or reasonable conduct of the parties in resolving whether attorney fees are appropriate (MCL 2.405[A][6], [D][1], and [D][3]).

3. JUDGMENTS — INTEREST — OFFERS OF SETTLEMENT.

It is within the trial court's discretion in an action filed in February, 1985, to order that judgment interest shall not be allowed beyond the date a written offer of settlement was made where a bona fide written offer of settlement in a civil action based on tort was made by the party against whom the judgment was subsequently rendered and the offer of settlement was substantially identical or substantially more favorable to the prevailing party than the judgment (1980 PA 134, MCL 600.6013[5]; MSA 27A.6013[5]).

4. APPEAL — ABUSE OF DISCRETION.

The term "discretion" involves the idea of choice, of an exercise of the will, of a determination made between competing considerations and the absence of a hard and fast rule or a single correct result; a discretionary decision is safeguarded against being arbitrary where the trial court must balance the competing interests of both parties and reach a decision that is in the interest of justice.

*James, Dark & Brill* (by *David M. Dark*), for defendants.

Before: SHEPHERD, P.J., and HOLBROOK, JR. and McDONALD, JJ.

SHEPHERD, P.J. Defendants appeal as of right from a January 8, 1988, judgment on a jury verdict of $17,500. Defendants challenge the award of interest and costs contained in the judgment. We reverse in part as to the costs awarded to plaintiffs.

On June 14, 1983, plaintiff Stephanie Stamp sustained injuries as a result of an automobile accident with defendant Ernest Hagerman, Jr. On February 13, 1985, Stephanie Stamp and Timothy Stamp, her husband, filed a negligence claim against Ernest and a co-owner of the automobile, defendant Pat Hagerman, alleging that Stephanie Stamp sustained a serious bodily injury as a result of the accident.

The case was submitted to mediation on two separate occasions. The first mediation evaluation was $35,000, while the second evaluation was $50,000. Plaintiffs accepted both evaluations. Defendants rejected the evaluations.

Subsequently, the parties made two unsuccessful attempts to settle the case. First, in June, 1986, defendants offered to stipulate to a judgment of $20,000, while plaintiffs made a counteroffer of $65,000. Secondly, in July, 1987, plaintiffs offered to stipulate to a judgment of $50,000, while defendants made a counteroffer of $25,000.

In September, 1987, a jury returned a verdict of $17,500. The trial court allowed interest on the verdict commencing from the date the complaint was filed and continuing until satisfaction of the judgment. The trial court also ordered costs of

$1,212.60 to plaintiffs under MCR 2.625 as the prevailing parties in the action. This was offset by an award of costs to defendants of $450.40 under MCR 2.405, which governs allowable costs following an opposing party's rejection of an offer to stipulate to a judgment.

I

On appeal, defendants contend that the trial court erred in awarding costs to plaintiffs under MCR 2.625(A)(1), which states:

Costs will be allowed *to the prevailing party in an action,* unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action.

Defendants argue that the question of whether plaintiffs were "prevailing parties" within the meaning of this court rule, in a case involving offers to stipulate to a judgment, must be determined by considering MCR 2.405(D), which states in pertinent part:

Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the *adjusted verdict* is more favorable to the offeror than the *average offer,* the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

The trial court's finding that defendants were entitled to costs of $450.40 under MCR 2.405(D)(1) is not disputed in this appeal. Indeed, plaintiffs have failed to file any response to defendants' appeal. The trial court awarded costs to defendants under MCR 2.405(D)(1) because the adjusted

verdict (including interest and costs) of $24,682.95[1] was more favorable to defendants than the parties' average offer of $37,500.[2] However, the trial court also allowed costs to plaintiffs, stating:

> I don't find the language in these Court Rules to be mutually exclusive. It is permissible for the prevailing party under 2.625 to recover allowable costs and the prevailing party under 2.405 to recover as a form of sanction the actual costs incurred.

We agree with defendants to the extent that they argue that plaintiffs were not entitled to costs as the prevailing parties under MCR 2.625(A)(1). In analyzing this issue, we begin by noting that principles of statutory construction apply to determinations of our Supreme Court's intent in promulgating rules of procedure. *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). The court rules must be construed to secure the just, speedy and economical determination of every action, and to avoid the consequences of error that does not affect the parties' substantial rights. MCR 1.105. In accordance with these goals, MCR 2.405(D) deters protracted litigation and encourages parties to settle by creating a risk that an unfavorable verdict (when compared to the opposing parties' offer and any counteroffer) will result in liability for the opposing parties' litigation costs. See *Sanders v Monical Machinery Co,* 163 Mich App 689, 692-693; 415 NW2d 276 (1987).

[1] The "adjusted verdict," MCR 2.405(A)(5), was computed based on figures provided by the plaintiffs. The adjusted verdict of $24,682.95 represented the sum of the jury verdict ($17,500), the interest accruing from the date of the complaint to the date of defendants' offer ($5,549.60), and plaintiffs' proposed costs ($1,633.35).

[2] The "average offer," MCR 2.405(A)(3), was computed by adding plaintiffs' offer ($50,000) and defendants' counteroffer ($25,000), and then dividing by two.

The plaintiffs here undertook this risk by reject-
ing defendants' offer and, pursuant to MCR
2.405(D)(1), were liable for defendants' costs neces-
sitated by their rejection. The problem is that
MCR 2.405 does not, on its face, prohibit plaintiffs
from recovering their own costs under the facts of
this case. Absent a prohibition in a statute or
court rule, or unless the court directs otherwise,
costs are allowed to the "prevailing party in an
action." MCR 2.625(A)(1).

The trial court ruled that plaintiffs were the
prevailing parties. There was, however, only a
single cause of action alleged and, hence, under
MCR 2.625(B)(2), plaintiffs must prevail "on the
entire record" in order to be deemed the prevail-
ing parties in the action. Defendants point out
that this Court held in *LaForest v Grunow,* 43
Mich App 254, 256; 204 NW2d 355 (1972), that a
party should not be deemed the prevailing party
for purposes of taxing costs unless the party im-
proves his or her position by the litigation. Al-
though this test was devised from standards estab-
lished for appellate actions, GCR 1963, 526.5 [now
MCR 2.625(B)(4)], we agree that a showing of im-
proved position is a minimal standard for taxing
costs. To hold otherwise would encourage unneces-
sary litigation. *LaForest, supra.*

A more important requirement under MCR
2.625 is the longstanding rule that costs are tax-
able only when a party prevails in full. *Marina
Bay Condominiums, Inc v Schlegel,* 167 Mich App
602, 608; 423 NW2d 284 (1988), lv den 431 Mich
905 (1988). On the entire record in this case then,
can it be said that plaintiffs fully prevailed in the
action by insisting on a trial to prove a claim in an
amount greater than the offer made by defendants
under MCR 2.405, but recovering a less favorable

"adjusted verdict" than defendants' offer? We think not.

Giving a reasonable construction to MCR 2.625, in light of the structure and organization of the court rules and the goals set forth in MCR 1.105, we conclude that plaintiffs did not fully prevail in the action and, hence, the trial court erred in awarding costs under MCR 2.625 to plaintiffs. We emphasize that not all settlement offers will preclude an award of costs under MCR 2.625. We hold only that, on the entire record in this case, plaintiffs did not fully prevail because the adjusted verdict, as defined in MCR 2.405(A)(5), was less than the offer made by defendants under that court rule.

## II

Defendants next contend that the trial court erred by refusing to award them attorney fees as part of their "actual costs" under MCR 2.405(D)(1). We disagree.

MCR 2.405(A)(6) defines actual costs as

the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment.

However, MCR 2.405(D)(3) provides that the "court may, in the interest of justice, refuse to award an attorney fee under this rule." In *Sanders, supra,* this Court concluded that the trial court's decision to allow attorney fees under this subrule is discretionary, although the grant of attorney fees was thought to be preferred under the subrule as indicated by the language requiring that the trial court's refusal to grant the attorney fees be in the "interest of justice." The *Sanders*

Court went on to uphold the trial court's grant of attorney fees to the defendant as a reasonable exercise of discretion where the plaintiffs failed to respond to the defendant's offer of judgment of $5,000 and a jury subsequently returned a verdict of no cause of action. The *Sanders* Court rejected the plaintiffs' claim that the discretionary language "in the interest of justice" only permits attorney fees in exceptional circumstances where there has been bad faith or unreasonable conduct. Finally, the *Sanders* Court expressed its opinion that attorney fees should be routinely granted under this subrule.

In the instant case, by contrast, the trial court refused to award attorney fees for the reason that plaintiffs had not rejected either of the mediation evaluations and thereafter negotiated reasonably and in good faith in an effort to reach a settlement. The trial court concluded that these facts did not indicate that the discretionary sanction against plaintiffs in the form of attorney fees was appropriate. Hence, on its face, the trial court appeared to apply the very standards of good faith and reasonable conduct that the *Sanders* Court suggests would not preclude an award of attorney fees to the opposing party.

We are, however, of the opinion that what constitutes "in the interest of justice" must be decided on a case-by-case basis. While not controlling, a trial court may properly consider the good faith or reasonable conduct of the parties in resolving whether attorney fees are appropriate. We believe that our holding comports with the decisions in other cases involving court rules that require a court to consider the interest of justice in making discretionary decisions as involving a balancing of the interests of both parties. Compare *Bigelow v*

*Walraven,* 392 Mich 566, 572-573; 221 NW2d 328 (1974). Discretion itself involves the idea of choice:

> "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." [*People v Talley,* 410 Mich 378, 387; 301 NW2d 809 (1981), quoting *People v Charles O Williams,* 386 Mich 565, 572; 194 NW2d 337 (1972).]

This standard for discretionary decisions was originally established in *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959). It has been held to require a somewhat stricter standard in criminal cases where loss of freedom is often the penalty. *Charles O Williams, supra,* p 573; and see *People v Martin,* 147 Mich App 297, 300; 382 NW2d 726 (1985) (a weighing of competing interests standard applies in criminal proceedings).

Even in a civil case, not all courts have agreed on whether the *Spalding* standard is appropriate. Justice LEVIN, in his concurring opinion in *Talley, supra,* pp 396-397, described the *Spalding* standard as "simplistic and misleading," and thereafter proceeded to express his approval of the more balanced view of judicial discretion in *Langnes v Green,* 282 US 531; 51 S Ct 243; 75 L Ed 520 (1931), wherein it was stated:

> "The term 'discretion' denotes the absence of a hard and fast rule. . . . When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or

wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." [*Talley, supra,* p 398, quoting *Langnes, supra,* p 541.]

Members of this Court have also expressed discomfort with the standard set forth in *Spalding.* See, for example, *Eyde v Eyde,* 172 Mich App 49, 54, n 1; 431 NW2d 459 (1988), lv den 432 Mich 857 (1989). One member of this panel, Judge SHEPHERD, was on the panel in *Muntean v Detroit,* 143 Mich App 500, 508-509; 372 NW2d 348 (1985), wherein it was stated "[w]hether we apply the nearly insurmountable test of *Spalding* . . . , or the more balanced view suggested in *Langnes* . . . , the concept of discretion denotes the absence of a single, correct result."

More recent decisions of our Supreme Court have not alleviated the problems with *Spalding.* Justice RILEY, writing for the majority in *Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985), referred to both definitions of "judicial discretion" in *Langnes* and *Spalding* and then went on to quote, with apparent approval, from Justice LEVIN's concurring opinion in *Talley* that, despite our Supreme Court's references to *Spalding,* our Supreme Court has "continued to give full-fledged review to discretionary decisions by carefully weighing the various rights and considerations involved in each type of discretionary decision." This is so despite her concurrence in the majority opinion of *Marrs v Bd of Medicine,* 422 Mich 688, 694; 375 NW2d 321 (1985), wherein it is stated that the *Spalding* standard regarding the abuse of discretion remains "essentially intact." As was observed in *Martin, supra,* p 300, n 2, it thus appears that our Supreme Court is sending out

conflicting signals on the appropriate standard of review.[3]

We make these observations only to highlight the difficulty in reviewing discretionary decisions under the *Spalding* test. In the present case, however, the discretionary decision in question is safeguarded against arbitrary decisions by the presence of a discernible standard which must be followed by the trial court, specifically, the refusal to award attorney fees must be in the interest of justice. This "interest of justice" standard is, as we previously noted, a standard which itself requires a balancing of competing interests. Whether we apply the *Spalding* test or the *Langnes* test, our decision to affirm the trial court's decision under these circumstances would be the same.

Given the fact that plaintiffs proceeded to trial only after rejecting an offer which was substantially less than the prior two mediation evaluations, we conclude that the trial court did not abuse its discretion in refusing to award attorney fees to defendants. Although an award of attorney fees is favored under MCR 2.405(D)(3), we do not find that a consideration of the "interest of justice" standard precluded the trial court from refusing to award attorney fees to defendants under the circumstances of this case.

III

Defendants also contend that the trial court abused its discretion in allowing interest on the jury verdict to accrue after the date they made a written offer to stipulate to a judgment of $20,000 on June 12, 1986, or, alternatively, after defendants' July 17, 1987, offer of judgment of $25,000.

[3] See also *In re People v Burton*, 429 Mich 133, 144; 413 NW2d 413 (1987).

Because plaintiffs' complaint was filed in February, 1985, MCL 600.6013; MSA 27A.6013, as amended by 1980 PA 134, controls this issue. See 1986 PA 178, § 3. The statute states in pertinent part:

> If a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and an offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, the court *may* order that interest shall not be allowed beyond the date the written offer of settlement is made. [1980 PA 134, § 1, MCL 600.6013(5); MSA 27A.6013(5).]

The trial court held that it had discretion under this statute to order that interest shall not be allowed beyond the date of the $25,000 offer but, for the reasons stated in refusing to award attorney fees to defendants, declined to deny the plaintiffs interest past July 17, 1987. Although the trial court did not specifically address the prior offer of $20,000, it is clear that the trial court's decision would have been the same. We conclude that the trial court properly exercised its discretion under the controlling statute. We find no abuse of discretion and, therefore, affirm the interest award.

Reversed in part and affirmed in part.