**Kimberly CRAWFORD, Appellant (Plaintiff),**

v.

**Tracy Lynn AMADIO, Appellee (Defendant).**

**Tracy Lynn AMADIO, Appellant (Defendant),**

v.

**Kimberly CRAWFORD, Appellee (Plaintiff).**

Nos. 95–233, 95–234 and 96–18.

Supreme Court of Wyoming.

Feb. 27, 1997.

Steven R. Helling, Casper, for Kimberly Crawford.

Rex O. Arney and James W. Owens, Jr., of Murane & Bostwick, Casper, Tracy Lynn Amadio.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

THOMAS, Justice.

The parties in these consolidated cases ask us to resolve the question of how costs should be awarded after an offer of judgment (settlement) is made and rejected by a plaintiff who then is not successful in achieving a more favorable recovery. Kimberly Crawford (Crawford) brought her action against Tracy Lynn Amadio (Amadio) to recover for injuries sustained in an automobile collision. Amadio made an offer of judgment to Crawford, which Crawford declined, and the jury verdict in favor of Crawford was not more favorable than the amount offered by Amadio. When costs were determined, the trial court ruled Crawford should recover for her costs prior to the offer of judgment, and Amadio should recover costs after the offer of judgment. We have consolidated yet another case, involving the same parties, in which the issue is the proper amount of statutory interest that should have been awarded to Crawford. Both parties have appealed from the Order and Judgment for Payment of Costs entered in the trial court. Crawford also appealed the award of statutory interest, contending she should have been awarded interest from the time a tender of payment was made to her and the money was deposited with the clerk of court until the money was disbursed to her. The trial court terminated the statutory interest as of the date of the tender of payment after which the money was deposited with the clerk of

* Chief Justice at the time of oral argument.

court. We hold that the trial court correctly determined the issues relating to costs, and the Order and Judgment for Payment of Costs is affirmed. In addition, we affirm the manner in which the trial court determined the statutory interest payable to Crawford in the Order on Plaintiff's Motion for Release of Funds.

Crawford's Brief of Appellant, in Case No. 95–233, states these issues:

1. Following an offer of judgment, and a jury verdict which is not more favorable than the offer, what costs are properly awarded to the Plaintiff and the Defendant?

2. Did the Trial Court improperly award certain costs to the Defendant in this case, and deny certain costs to the Plaintiff?

3. Did the Trial Court improperly enter an order staying proceedings to enforce the underlying Judgment on Jury Verdict, in light of the fact that no one appealed said Judgment?

Amadio presents a different statement of the issues in her Brief of Appellee:

1. If a defendant makes an offer of judgment and the subsequent jury verdict is less than the amount stated in the defendant's offer of judgment, what costs may be properly awarded to the plaintiff and the defendant?

2. Did the trial court err in entering an order that prevented the plaintiff from enforcing and executing on the Judgment on Jury Verdict?

3. Is the appellee entitled to recover her costs and attorney's fees expended in defending this appeal?

In Case No. 95–234, Amadio presents this statement of issues in her Brief of Appellant:

1. If a defendant makes an offer of judgment and the subsequent jury verdict is less than the amount stated in the defendant's offer of judgment, is the plaintiff the "prevailing party" for purposes of awarding costs?

2. When a defendant has made an offer of judgment and the subsequent jury verdict is less than the amount stated in defendant's offer of judgment, what

costs may properly be awarded to the defendant?

In the Brief of Appellee in this case, Crawford states a single issue:

Following an offer of judgment, and a jury verdict which is not more favorable than the offer, what costs are properly awarded to the Plaintiff and the Defendant?

In the Brief of Appellant, filed by Crawford in the consolidated case, No. 96–18, she states the issue as:

Was it error for the Trial Court to deny interest on the judgment rendered in favor of the Plaintiff (Appellant herein), in this case, following what the Trial Court found was a tender of payment?

More specifically, did the Trial Court commit reversible error when it found a letter from the Appellee's counsel, dated July 18, 1995, constituted a tender of payment?

In her Brief of Appellee, filed in this case, Amadio states the issues in this way:

1. Did the trial court err in concluding that the July 18, 1995 letter from the appellee's counsel to the appellant's counsel constituted a tender of the funds due and owing to the appellant by the appellee pursuant to the judgments entered by the trial court, thus causing statutory interest to cease to accrue on the funds from the date of the tender?

2. Is the appellee entitled to recover her costs and attorney's fees expended in defending this appeal?

On February 27, 1992, Amadio collided with a vehicle that was stopped behind Crawford at a traffic light. The collision between Amadio's vehicle and the second vehicle forced that vehicle into the back of Crawford's car. Crawford suffered both physical injuries and property damage, and on March 24, 1994, she filed an action to recover damages.

The trial was set for May 22, 1995. On May 2, 1995, Amadio served an offer to allow judgment to be taken against her for $30,000, together with costs incurred prior to that

date. The offer of judgment stated that it was made "for the purposes specified in Rule 68," but that it was not to be construed as admitting liability or damages. Crawford declined the offer of judgment for $30,000, and the trial was held on May 22, 1995, as scheduled. The jury, in a verdict returned May 25, 1995, found Amadio to be 100% at

fault, and awarded Crawford damages in the amount of $25,000. The Judgment on Jury Verdict, awarding Crawford $25,000 plus her recoverable costs, was filed on June 7, 1995.

Following the directives of UNIFORM RULES FOR DISTRICT COURTS OF THE STATE OF WYOMING 501,[1] Crawford filed a certificate of her

1. Rule 501 of the Uniform Rules for District Courts of the State of Wyoming provides in pertinent part:

Rule 501. Taxation of costs
(a) Civil cases.
(1) Filing of Certificate of Costs. —— Within 20 days after entry of the final judgment allowing costs to the prevailing party, a certificate of costs shall be filed and copy served upon opposing counsel. The certificate shall be itemized. For witness fees, the certificate shall contain:
(A) The name of the witness;
(B) place of residence, or the place where subpoenaed, or the place to which the witness voluntarily traveled without a subpoena to attend;
(C) The number of full days or half days the witness actually testified in court;
(D) The number of days or half days the witness traveled to and from the place of trial;
(E) The exact number of miles traveled;
(F) The manner of travel, air, railroad, bus or private vehicle; and,
(G) If common carrier transportation is used, the price of an economy fare.
(2) Objections to Certificate of Costs. —— If no objections are served within 10 days after service of the certificate of costs, the costs shall be taxed as set forth in the certificate of costs. If objections are filed, the court shall consider the objections and tax costs. A hearing may be provided at the discretion of the court.
(3) Allowable Costs.
(A) Filing fees, jury demand fees and fees for services of process. (W.S. 18–3–608 sets forth sheriff fees.)
(B) Witness fees.
(i) Witness fees are allowed at the rate of $30.00 per day and $15.00 per half day necessarily spent traveling to and from the proceeding and in attendance at the proceeding. Mileage is allowed at the rate of $.23 per mile, not to exceed the costs of common carrier transportation rates.
(ii) Expert witness fees shall be allowed at the rate of $25.00 per day or such other amount as the court may allow according to the circumstances of the case. If the amount allowed constitutes a higher hourly rate than $25.00 per day, this higher amount is allowable only for the time that the expert witness actually testified. Time charged in preparation for providing testimony and/or standing by awaiting the call to give testimony is not allow-

able as costs, except at the rate of $25.00 per day.
(C) Reporter fees. The $45.00 fee is a taxable cost. Transcripts of proceedings, such as motion hearings, pretrial conferences, etc., prepared at the request of a party in anticipation of trial are not taxable as costs unless such matters become part of the record on appeal.
(D) Costs of depositions.
(i) Costs of depositions are taxable if reasonably necessary for the preparation of the case for trial. A deposition is deemed reasonably necessary if:
I. Read to the jury as provided in Rule 32(a)(3), W.R.C.P.;
II. Used at trial for impeachment concerning a material line of testimony (impeachment on a collateral issue does not fall within the scope of this rule);
III. Necessarily, and not merely conveniently, used to refresh the recollection of a witness while on the stand; or,
IV. Was taken at the request of a nonprevailing party. The foregoing are meant to provide guidelines, and are not exhaustive. The use of depositions for trial preparation alone does not justify the imposition of costs.
(ii) Reporters fees for depositions. Actual, ordinary reporting fees will be allowed. Extra costs for expediting transcripts or daily copy costs will not be allowed, except as authorized by an order entered prior to the date such costs are to be incurred. Reporters' travel, per diem expenses and appearance fees will not be taxed as costs.
(iii) Fees and expenses of counsel. Fees and expenses of counsel for traveling to and attending depositions are not taxable as costs.
(E) Copies of papers. Duplicating costs necessarily incurred for documents admitted into evidence shall be allowed. Duplication costs for documents for counsel's own use are not allowable.
(F) Exhibits received in evidence. The expense of preparing exhibits received in evidence, including 8x11 photographs (but not enlargements), videotapes, models, and other demonstrative evidence are allowable as taxable costs at the discretion of the court.
(4) Other Costs Not Enumerated. —— These rules do not preclude the award of other costs not enumerated herein if otherwise allowable under law; nor do they require the award of costs as they may be denied altogether if the court, through the exercise of its discretion, so determines. Moreover, to the extent that W.S. 1–14–125 limits costs, that statute is control-

costs in the amount of $4,027.59. Amadio objected to Crawford's certificate of costs, contending that Crawford was not the prevailing party. Amadio relied upon *Stamp v. Hagerman,* 181 Mich.App. 332, 448 N.W.2d 849, 851 (1989). In *Stamp,* the Michigan Court of Appeals addressed the question of awarding costs to a plaintiff as a prevailing party when the "adjusted verdict" was less than the "average offer" to stipulate to a judgment. The court said:

> [A] party should not be deemed the prevailing party for purposes of taxing costs unless the party improves his or her position by the litigation. * * * [W]e agree that a showing of improved position is a minimal standard for taxing costs. To hold otherwise would encourage unnecessary litigation.

*Stamp,* 448 N.W.2d at 851. Amadio filed her own petition for costs on June 27, 1995, setting forth a total of $3,963.45. Crawford

objected to Amadio's petition for costs, and on July 12, 1995, the trial court filed its decision letter on the matter. That letter stated:

> The above matter having come before the Court upon motions for costs filed by both parties. I find that Plaintiff should be entitled to recover costs up to the date of the offer of judgment, and Defendant should recover costs after that date.

The trial court applied WYO. R. CIV. P. 68 [2] in concluding that Crawford was entitled to recover costs. The court then awarded to Crawford total costs in the amount of $2,124.61 accrued before the offer of judgment, and $2,838.45 in costs to Amadio, incurred after the offer of judgment, by applying the UNIFORM RULES FOR DISTRICT COURTS OF THE STATE OF WYOMING 501. This left a net of $713.84 to be remitted to Amadio from Crawford. The Order and Judgment for Payment of Costs was entered July 14, 1995,

---

ling. However, costs associated with the offer of judgment rule, i.e. Rule 68, W.R.C.P., must be awarded.

(5) Apportionment. — All costs may be apportioned among some or all of the non-prevailing parties as the court may determine.

2. Prior to April 11, 1995, WYO. R. CIV. P. 68 read:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. As used herein, costs does not include attorney's fees. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the

commencement of hearings to determine the amount or extent of liability.

An amendment to WYO. R. CIV. P. 68 became effective April 11, 1995, and the amended rule reads:

> At any time more than 60 days after service of the complaint and more than 30 days before the trial begins, any party may serve upon the adverse party an offer, denominated as an offer under this rule, to settle a claim for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. As used herein, "costs" does not include attorney's fees. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of settlement under this rule, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

setting out the amounts of costs awarded to each party and the net payment of $713.84 Crawford was to remit to Amadio.

On July 18, 1995, Amadio's counsel sent a letter outlining the total amount owed to Crawford based upon the jury's verdict and the court's calculations of each party's costs. The pertinent portions of the letter state:

I have calculated the amount owing as of tomorrow [July 19] on the following basis: interest on the $25,000 judgment from June 7 [date judgment was filed] through July 14 = $253.42 (37 days × $6.849315) and on $24,286.16 ($25,000—$713.84) from July 15 through July 19 = $33.27 (5 days × $6.653724).

Based upon the foregoing, State Farm's payment to you and your client would be in the amount of $24,286.16, plus $253.42, plus $33.27 for a total of $24,572.85.

It was appropriate for counsel to calculate 10% interest on the full $25,000 until costs were determined and ordered to be paid by the court.[3] At the time costs were established on July 14, it was then appropriate to subtract those from the $25,000 judgment and continue to calculate the 10% interest from July 15 until a tender of payment was made.

On July 25, 1995, the $24,572.85 was deposited with the clerk of the district court, and on the same date, Amadio's counsel notified the district judge of that deposit and how it was calculated. Enclosed with the July 25 letter was Amadio's proposed order for the judge to sign requesting that Crawford be prevented from collecting the $24,572.85 pending the appeals by both parties on the issues relating to the costs.

On August 10, 1995, the trial court granted Amadio's Motion for Stay to prevent enforcement of or execution on the judgment by Crawford. The court ordered that Crawford would collect 10% interest on the $25,000 award from the date of entry of the judgment, and Amadio would receive 10% interest on the $713.84 from the date of the order for payment of costs. The order granting the stay further stated that Amadio must remit the $25,000 judgment with interest, but Amadio could deduct the costs plus interest Crawford was ordered to pay Amadio from the total remitted.

Crawford appealed the trial court's Order and Judgment for Payment of Costs, and she also appealed the Order Granting Defendant's Motion for Relief from Enforcement of Judgment and for Stay of Proceeding to Enforce Judgment. Amadio, by a cross-appeal, appealed the Order and Judgment for Payment of Costs to this court. After that, Crawford filed a Motion for Release of Funds in the trial court, and Amadio filed her response, followed by a reply from Crawford. The trial court judge subsequently entered an Order on Plaintiff's Motion for Release of Funds, which directed the district court clerk to release to Crawford the sum of $24,572.85, in complete satisfaction of her judgment and costs with interest. Crawford then appealed the award of interest the court set in the Order on Plaintiff's Motion for Release of Funds. Any issue as to whether the court's temporary stay preventing execution on Crawford's judgment was erroneous has become moot because of the trial court's order for release of the funds to Crawford.

■ The version of WYO. R. CIV. P. 68 in effect on May 2, 1995 required that the offer of settlement be made more than thirty days before the date of trial. Amadio's offer of judgment was made only twenty days before the trial, which would cause that offer to be untimely under the new rule, even though it was timely under the old version of the rule. Neither party has objected in this case to untimeliness of the offer at the trial court level, nor here, and we hold that it is the law of this case that the timeliness of the offer of judgment made by Amadio is governed by the previous version of WYO. R. CIV. P. 68. *See Goggins v. Harwood,* 704 P.2d 1282 (Wyo.1985); *Matter of Mora's Estate,* 611

---

**3.** The statutory language authorizing interest is Wyo. Stat. § 1–16–102 (Supp.1995), and the section applicable to this case reads:

(a) Except as provided in subsections (b) and (c) of this section, all decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid.

P.2d 842 (Wyo.1980); *DeWitty v. Decker*, 383 P.2d 734 (Wyo.1963).

The recovery of costs of litigation by the prevailing party from the unsuccessful party is articulated both in statute and in rules of procedure. The statute provides:

> Costs shall be allowed to the plaintiff upon a **judgment in his favor** in an action for the recovery of money only or for the recovery of specific real or personal property, **unless otherwise provided by law.**

WYO. STAT. § 1–14–124 (1988) (emphasis added). In our rules of procedure, WYO. R. CIV. P. 54(d) (Supp.1995) speaks to the award of costs generally:

> (d) *Costs; attorney's fees.*
>
> (1) Costs Other Than Attorney's Fees. Except when express provision therefor is made either in a statute or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]

Detail with respect to the identification of costs to be allowed the prevailing party is articulated in UNIFORM RULES FOR DISTRICT COURTS 501. The final procedural proposition with respect to costs is found in WYO. R. CIV. P. 68.

■ When Amadio objected to Crawford's certificate of costs in accordance with UNIFORM RULES FOR DISTRICT COURTS 501(a)(2) and filed her own petition for costs, Amadio was asserting that Crawford was not the prevailing party under WYO. R. CIV. P. 54(d), and in any event, Crawford could only recover costs prior to the offer of judgment. Amadio contended she was entitled to costs following the offer of judgment. We hold that our statute and rule are distinguishable from the Michigan court rules that were applied in *Stamp*. Crawford was the "prevailing party" since the verdict of the jury was completely in her favor. The verdict awarded Crawford $25,000 in damages and assessed Amadio's fault at 100%. Under both WYO. STAT. § 1–14–124 and WYO. R. CIV. P. 54, Crawford is the "prevailing party" and the "plaintiff" with a judgment in her favor, which means her costs are to be allowed "unless otherwise provided by law" or an "express provision therefor is made either in

a statute or in these rules" or "the court otherwise directs."

We conclude that an express provision as otherwise provided by law is found in WYO. R. CIV. P. 68. It applies to offers of judgment, and is a limitation on the award of all costs to a prevailing party. Even if we found that Crawford were not the "prevailing party" as Amadio suggested in her brief, Crawford is nonetheless the "offeree" who was tendered an offer of judgment under WYO. R. CIV. P. 68. That rule, applied by its plain language to Crawford, requires that Crawford pay costs incurred after the making of the offer since the offer was $5,000 more than the jury verdict. The trial court did "otherwise direct" and correctly divided the award of costs between Amadio and Crawford.

■ Crawford objects to the award of specific costs to Amadio as violative of UNIFORM RULES FOR DISTRICT COURTS 501. Objection is particularly made to a fee for a doctor of $900, which the court previously had reduced from $2,025. Crawford contends that this fee should have been $750, and Amadio should not be entitled to recover costs for expedited reporting fees rather than for the ordinary reporting fees required under the rules. Crawford states, however, "[i]t is impossible to now specify, based upon the information in the record, what the Appellee's [Amadio's] recoverable costs should have been, if properly determined * * *." Crawford's point is sound that the record before us makes it impossible to determine what Amadio's actual costs after May 2, 1995 should have been. That leads to the conclusion that there was an appropriate exercise of discretion by the trial court pursuant to the language of UNIFORM RULES FOR DISTRICT COURTS 501(a)(4) (emphasis added):

> These rules do not preclude the award of other costs not enumerated herein if otherwise allowable under law; nor do they require the award of costs as they may be denied altogether if the court, **through the exercise of its discretion, so determines.**

All of Crawford's costs were allowed up until the date of Amadio's offer, and all were rejected after that date. The court did not pick and choose which costs were appropri-

ate, but it did adhere to the language of WYO. R. CIV. P. 68 after determining appropriate costs under UNIFORM RULES FOR DISTRICT COURTS 501. Except for the diminution of $1,125, a doctors charge for review of records and deposition fees, Amadio was allowed costs after May 2, 1995. We are unable to discern from this record that the district court abused its discretion in its allowance and allocation of the costs of the parties.

■ We turn then to the question of interest on the judgment. In accordance with Wyo. Stat. § 1–16–102(a), statutory interest in this case began to accrue on June 7, 1995, the day the jury's award of damages was filed with the court. *See Gose v. Hess*, 822 P.2d 846 (Wyo.1991); *see also, Parker v. Artery*, 889 P.2d 520, 527 (Wyo.1995). In addition, this court has stated that WYO. R. CIV. P. 67 "does not require the payment of a judgment amount to be made and accepted by the prevailing party to toll the accrual of statutory interest." *Parker*, 889 P.2d at 528. As we stated in *Parker* at 527 (emphasis added):

> The purpose of W.R.C.P. 67 is to relieve the depositor of the responsibility for the funds **and, in some circumstances, to stop the accrual of interest by authorizing a payment into the court.** 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2991 at 50–51 (1973).

In this situation, Amadio tendered an offer of payment to Crawford of $24,572.85 on July 18, which was calculated to the penny based upon the jury's award and the court's Order and Judgment for Payment of Costs. Amadio in good faith deposited the full amount with the clerk during pendency of appeal to this court. The district court held a hearing on November 30, 1995; found the July 18, 1995 letter constituted a tender of all funds due and owing to Crawford; and authorized release of the $24,572.85 to Crawford in "satisfaction of all judgments that have been rendered by the District Court in this action."

Amadio's tender was "an unconditional offer to perform coupled with the ability to carry out the offer and the production of the subject matter of the tender." *Parker*, 889 P.2d at 527; Black's Law Dictionary 1467 (6th ed.1990). After a hearing, the district court released the $24,572.85 to Crawford on December 8, 1995, approximately 143 days after the July 18 tender of payment. Amadio should not be assessed an additional $1,044.63 for those days when the court's disbursement to Crawford was the same amount Amadio had offered to pay from the beginning. This is one of those circumstances in which Amadio's tender of payment was appropriate "to stop the accrual of interest by authorizing a payment into the court." *Parker*, 889 P.2d at 527.

We hold that the district court correctly followed and applied statutory law and procedural rules. Specifically, the court correctly applied WYO. R. CIV. P. 68, resulting in a net payment of $713.84 in costs from Crawford to Amadio. We affirm the Order and Judgment for Payment of Costs. We also affirm the Order on Plaintiff's Motion for Release of Funds.