Bruce N. EDDY, individually,
Appellant (Defendant),

J.E.B. Ranch, a Wyoming corporation,
and E.C. Cates, individually,
(Defendants),

v.

FIRST WYOMING BANK, N.A.–LAN-
DER, Lander, Wyoming, a United
States Banking Corporation, Appellee
(Plaintiff).

E.C. CATES, individually,
Appellant (Defendant),

J.E.B. Ranch, a Wyoming corporation,
and Bruce N. Eddy, individually,
(Defendants),

v.

FIRST WYOMING BANK, N.A.–LAN-
DER, Lander, Wyoming, a United
States banking corporation, Appellee
(Plaintiff).

Nos. 87–96, 87–106.

Supreme Court of Wyoming.

Feb. 22, 1988.

James R. McCarty, Casper, for appellant
Eddy.

E.C. Cates, pro se.

W. Thomas Sullins, II and J. Kenneth
Barbe of Brown & Drew, Casper, for appel-
lee.

Before BROWN, C.J., THOMAS,
CARDINE and MACY, JJ., and
GUTHRIE, J., Retired.

MACY, Justice.

These consolidated appeals challenge the
sufficiency of the evidence to support find-
ings regarding the intent and meaning of a
stipulation and confession of judgment.

We affirm.

On January 28, 1982, appellee First Wyo-
ming Bank, N.A.–Lander (bank) filed a
complaint seeking to recover amounts ow-
ing on several promissory notes signed by
appellants Bruce N. Eddy and E.C. Cates
as either co-makers or guarantors. On
May 23, 1983, the court executed a judg-
ment against appellants in the amount of
$207,110.55 plus interest at ten percent per
annum beginning January 28, 1982, pursu-
ant to a stipulation and confession of judg-
ment. That stipulation and confession of
judgment provided in applicable part:

"That [the bank] shall have judgment
against the [appellants], jointly and sev-
erally, as of 28 January, 1982, * * * in
the amount of $207,110.55 together with
interest thereon at the rate of 10% per
annum from and after 28 January, 1982
* * *."

Subsequent to entry of the judgment, a dispute arose as to whether appellants' payments to the bank during the period of January 28, 1982, to May 23, 1983, had already been credited in arriving at the stipulated amount awarded or whether these payments should reduce the $207,110.55 judgment. In response, the court entered a judgment nunc pro tunc clarifying its previous judgment. That judgment included the following findings:

"3. The Judgment as rendered on May 23, 1983, does not contain any clerical error.

"4. That by the language, meaning and effect of the Judgment as rendered herein on May 23, 1983, the [appellants], jointly and severally, owed to [the bank] on May 23, 1983, the principal sum of $207,110.55 together with interest on said principal sum at the rate of 10% per annum calculated from and after January 28, 1982 * * *."

Appellants' appeal challenging the court's judgment nunc pro tunc followed.

This Court remanded the case to the district court for an evidentiary hearing to determine the parties' intent regarding the date the $207,110.55 mentioned in the stipulation and confession of judgment was due and owing; i.e., January 28, 1982, the date the complaint was filed, or May 23, 1983, the date the judgment was executed. *Eddy v. First Wyoming Bank, N.A.–Lander*, Wyo., 713 P.2d 228 (1986). After conducting such evidentiary hearing, the court found in favor of the bank and issued its decision letter which provides in pertinent part:

"The Court finds that the parties intended that a judgment would be entered against the [appellants] for the principal amount due the bank, $193,929.86, together with attorney's fees of $13,180.69, for a total judgment of $207,110.55, *to be effective at the time the judgment was executed by the trial court, on May 23, 1983.* In the negotiations among the par-

ties, it was understood by all that the bank would not compromise as to the principal amount due. The bank did agree to compromise as to the attorney's fees, the interest rate, and the time at which the lower interest rate would commence. For that reason, the parties provided that the judgment would bear interest at the rate of ten per cent beginning on January 28, 1982. The parties did not intend that the [appellants] were to be given a double credit for payments made to the bank after January 28, 1982, and until the date of the judgment. This construction of the documents is consistent with the subsequent conduct of the [appellants], who recognized that this was the agreement for a substantial time after May 23, 1983. To accept the position for which the [appellants] argue would be to provide them with a windfall in the form of double credits for payments made, a result which was not intended by anyone." (Emphasis added.)

On February 19, 1987, the court entered an order clarifying and confirming its previously executed judgment of May 23, 1983. Appellants now appeal from that order, challenging the sufficiency of the evidence supporting the district court's decision regarding the intent of the parties.

In this appeal, both appellants complain that the trial court's judgment did not take into account all the evidence presented before it.[1] They contend that, if the trial court had chosen to believe certain credible evidence presented, it could not have found that appellants' intent was that the sum of $207,110.55 would be due and owing as of May 23, 1983, the date the judgment was executed.

The function of this Court as an appellate court is not to resolve conflicting evidence or to retry the case. *Gasaway v. Reiter*, Wyo., 736 P.2d 749 (1987). Rather, when faced with a question involving the sufficiency of the evidence on appeal,

---

1. We recognize that, through his brief in this case, appellant Cates brings numerous other issues before this Court on appeal. However, we conclude that these issues were addressed in the case of *Eddy v. First Wyoming Bank, N.A.–Lan-* *der*, Wyo., 713 P.2d 228 (1986), when this Court held that an ambiguity existed. In any event, we have determined that the issue addressed in this case is dispositive.

" 'we assume that the evidence in favor of the successful party is true leaving out of consideration the evidence of the unsuccessful party in conflict therewith and give to the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it.' " Id. at 751, quoting *Walter v. Moore,* Wyo., 700 P.2d 1219, 1222 (1985).

See also *Harmon v. Town of Afton,* Wyo., 745 P.2d 889, 891 (1987). Unless the trial court's findings are clearly erroneous or contrary to the great weight of the evidence, we will not disturb its ruling on appeal. *Fray v. Fray,* Wyo., 721 P.2d 1054 (1986), quoting *Pancratz Company, Inc. v. Kloefkorn–Ballard Construction/Development, Inc.,* Wyo., 720 P.2d 906 (1986).

We conclude that there is sufficient evidence to support the trial court's findings (1) that it was the intent of the parties that the stipulated amount of $207,110.55 would be due and owing as of May 23, 1983; and (2) that it was not the intent of the parties that appellants would be entitled to double credit for the escrow payments received. The evidence shows that, while negotiating the settlement through numerous oral and written communications, the bank's attorney repeatedly advised the parties that the bank would accept no less than the principal amount due and that it would not compromise the amount in any way. The evidence further shows that, between the date the complaint was filed and the date the judgment was signed, the bank received periodic payments from the escrow accounts which were credited to, and reduced the amount due on, the promissory notes. The stipulation executed by the parties, as well as the judgment approved as to form by all the attorneys, also set out the separate principal balances due on each note. The total amount of principal set out in both the stipulation and the judgment was lower than that set out in the complaint.

We are unable to locate, and appellants have failed to point out, any evidence indicating the parties ever discussed any reduction of the principal amount due. An adoption of appellants' position that the parties' intent was that the agreed upon amount would be effective January 28, 1982, would lead to the illogical and unintended result of double credits being given on the promissory notes. This conclusion clearly is not supported by the evidence.

Affirmed.