**COTTONWOOD VALLEY RANCH, INC.; Norman J. Hayes, d/b/a Standing Star Ranch; and Rodney Hayes, Appellants (Plaintiffs),**

v.

**Arthur D. ROBERTS and Mary J. Roberts, d/b/a Roberts Cattle Services, Inc., formerly a Montana corporation (now defunct), Appellees (Defendants).**

No. 93–222.

Supreme Court of Wyoming.

May 26, 1994.

Georg Jensen, Cheyenne, for appellants.

James P. Castberg, Sheridan, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

Appellants, who sued appellee for breach of contract concerning the sale of bull semen and for declaratory judgment as to the ownership of certain unsold semen, appeal only the portion of the district court's decision which denied monetary damages for breach of contract.

We affirm.

## ISSUES

Appellants present the following issue for review:

Did the district court err in failing to award damages and prejudgment interest to the plaintiffs after finding that the contract between the plaintiff and defendant was breached?

Appellee reframes the issue as:

The district court did not commit error in failing to award damages and prejudgment interest to the plaintiffs.

## FACTS

At the time this dispute arose, appellants were engaged in a livestock management and artificial insemination business. Appellee operated, and continues to operate, a business collecting semen from registered bulls, freezing it, and storing it until it is ready for use. In connection with the operation of their business, appellants contracted with appellee to collect semen from appellants' bulls and to store such semen for later use or sale.

In March 1986, after appellants had fallen behind on their account with appellee for storage and collection charges, the parties entered into an agreement which provided that appellee would sell the bull semen owned by appellants, applying seventy percent of the proceeds to appellants' account and retaining thirty percent as appellee's usual commission. Within a couple of months of entering the agreement, appellants contacted appellee and demanded return of the remaining bull semen. Appellants alleged appellee was selling the bull semen at a price below the agreed upon price. Appellee refused to return the bull semen.

On August 1, 1988, appellants filed a complaint in district court seeking damages for lost profits on the bull semen sold at the allegedly reduced price and for appellee's refusal to return the unsold semen. On February 1, 1993, following a bench trial, the district court issued its decision letter declaring that appellee was not entitled to retain the unsold bull semen and directing that it be returned to appellants. The district court concluded, however, that:

Any attempt by the Court to assess damages in favor of the plaintiffs and against the Defendants for breach of contract, conversion and wrongfully withholding the bull semen, would be so extremely speculative that they should not be awarded. This Court has no means of calculating the amount of such damages, and the plaintiffs have not presented an evidentiary basis which would even enable this Court to hazard a close guess.

It is this portion of the district court decision which appellants appeal. A transcript of the

trial was not included in the designated record on appeal.

## DISCUSSION

■ This court will not set aside a district court's findings of fact unless those findings are clearly erroneous. *Hopper v. All Pet Animal Clinic, Inc.,* 861 P.2d 531, 538 (Wyo. 1993); *Ferguson v. Reed,* 822 P.2d 1287, 1290 (Wyo.1991). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Hopper,* 861 P.2d at 538 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

Appellants contend that the district court should have awarded damages based on its factual findings that an agreement existed as to the sale of the semen and the price at which it was to be sold, and that appellee breached that agreement. All that remains to ascertain the amount of damages, according to appellants, is a simple mathematical computation.

■ Wyoming's rules governing damages recovery are well established. Damages must be proven with a reasonable degree of certainty, and a court may not resort to speculation or conjecture in determining the proper amount to award. *Hopper,* 861 P.2d at 547; *Coulthard v. Cossairt,* 803 P.2d 86, 92 (Wyo.1990); *Reiman Const. Co. v. Jerry Hiller Co.,* 709 P.2d 1271, 1277 (Wyo.

1985). The party seeking recovery of damages carries the burden of proof. *Willmschen v. Meeker,* 750 P.2d 669, 672 (Wyo. 1988); *Broyles v. Broyles,* 711 P.2d 1119, 1124 (Wyo.1985).

■ While the district court did find that the parties had agreed upon a price at which the bull semen would be sold, it concluded that appellants had nonetheless failed to present an evidentiary basis which would enable the court to calculate damages, without resort to speculation and conjecture. Appellants did not designate a transcript of the trial testimony as part of the record on appeal, and have not, as a result, pointed to evidence in the record demonstrating the district court's determination was clearly erroneous. Because appellants have not demonstrated that the district court's findings of fact were clearly erroneous, we must uphold those findings.

## CONCLUSION

Appellants have not shown the district court's findings of fact to be clearly erroneous. The decision of the district court is affirmed.