2005 WY 150

**David VEILE, Appellant (Petitioner),**

v.

**Michael BRYANT, and Bryant Funeral Home, Inc., Appellees (Respondents).**

No. 05–48.

Supreme Court of Wyoming.

Nov. 28, 2005.

---

David Veile, Appellant, Pro Se.

Michael Bryant, Appellee, Pro Se.

Francisco L. Romero, Ft. Collins, Colorado, for Appellee.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] David Veile appeals from a district court order denying his motion for payment of costs for his appeal in *Veile v. Bryant,* 2004 WY 107, 97 P.3d 787 (Wyo.2004). Finding Veile's argument on appeal to be without merit, we affirm the order of the district

court and, finding no reasonable cause for this appeal, award sanctions against Veile.

## ISSUE

[¶ 2] Veile presents this statement of the issue:

Should the district court's order denying payment of costs to Appellant Veile be reversed because it violates:

A) the Wyoming Supreme Court's Mandate Reversing Judgment?; and/or

B) Rule 10.04, Wyoming Rules of Appellate Procedure?

Appellee Michael Bryant rephrases the issue as follows:

Is Veile entitled to costs on appeal when he is not the prevailing party and did not move for costs in this Court?

## FACTS

[¶ 3] Veile and Bryant operate competing funeral homes in Worland, Wyoming. In 1996, Veile filed a complaint with the Wyoming State Board of Embalming (Board) against Bryant and Bryant Funeral Home alleging numerous violations of Wyo. Stat. Ann. § 33–16–310 (LexisNexis 2005). After investigation by the Board's investigative committee, the Board closed the case for lack of evidence of any violation by Bryant. In 1998, Veile filed a petition with the Board alleging Bryant had capped, steered and/or solicited funeral business in violation of § 33–16–310, requesting revocation or suspension of Bryant's license, and requesting reimbursement of Veile for the costs incurred in filing the petition. Veile filed the petition pursuant to Wyo. Stat. Ann. § 33–16–311 (LexisNexis 2005), which allows such a petition to be filed by the Attorney General, the county attorney of the county in which the licensee resides, or "by any citizen residing in this state."

[¶ 4] After protracted legal maneuvering, a hearing on Veile's petition was held before the Board in 2002. At the close of Veile's evidence, the Board granted Bryant's motion for a directed verdict finding Veile failed to present sufficient evidence to support his allegations. Veile filed a petition for review with the district court. The district court dismissed the petition for review holding that the hearing before the Board was not a contested case hearing under the Wyoming Administrative Procedure Act. The district court characterized the hearing as an investigation after which the Board found no basis to prosecute Veile's claims. The district court reasoned that because the hearing was not a contested case hearing under the Wyoming Administrative Procedure Act, the court did not have jurisdiction to consider Veile's petition for judicial review.

[¶ 5] Veile appealed the district court's decision to this Court. We reversed the district court's ruling that the hearing before the Board was not a contested case hearing and held that the Court did have jurisdiction to hear Veile's appeal. *Veile*, ¶ 14, 97 P.3d at 793. In this Court's ruling on the merits of Veile's appeal, though, we upheld in all respects the Board's finding that Veile had presented insufficient evidence to prove his case against Bryant, and we affirmed the Board's decision denying all relief requested by Veile. *Id.*, ¶¶ 16, 26, 97 P.3d at 796, 799.

[¶ 6] On September 30, 2004, this Court issued its "Mandate Reversing Judgment," which provided that "[c]osts are awarded to the prevailing party." On November 3, 2004, Veile filed in district court a "Motion for Order of Payment of Costs Pursuant to Wyoming Supreme Court's Mandate Reversing Judgment," seeking to recover $1,698.80 in costs. On January 3, 2005, the district court issued an order denying Veile's motion for payment of costs. In so ordering, the district court ruled that "Mr. Veile is not the prevailing party in the Supreme Court matter and because of the uniqueness of the Supreme Court's opinion in the matter, Rule 10.04, W.R.A.P., is not applicable...." This appeal followed.

## STANDARD OF REVIEW

[¶ 7] This Court ordered in its mandate that costs were awarded to the prevailing party. The determination of which party is the prevailing party is a question of law, and our standard of review for questions of law is *de novo*. *See Gray v. Stratton Real*

*Estate,* 2001 WY 125, ¶ 5, 36 P.3d 1127, 1128 (Wyo.2001).

## DISCUSSION

[¶ 8] Veile contends the district court erred in finding that he was not the prevailing party in *Veile,* 2004 WY 107, 97 P.3d 787. In support of this contention, Veile argues that he "clearly improved his position by appealing the District Court's Dismissal to this Court." We disagree.

[¶ 9] In considering whether a party should be awarded costs as a prevailing party in litigation, we have defined "prevailing party" according to the following:

A party should not be deemed the prevailing party for purposes of taxing costs unless the party improves his or her position by the litigation. * * * To hold otherwise would encourage unnecessary litigation.

*Schaub v. Wilson,* 969 P.2d 552, 561 (Wyo. 1998). Our decision in *Veile* cannot reasonably be read to have improved Veile's position in any way in his petition against Bryant.

[¶ 10] Veile's position in his litigation against Bryant was that which he presented to the Board: that Bryant had engaged in unlawful funeral practices; that Bryant's license should be revoked or suspended; and that the Board should reimburse Veile for expenses he incurred in pursuing his action before the Board. The Board found against Veile on all of his claims. The district court, on the other hand, took no position on the merits of Veile's claims and instead dismissed Veile's petition for review after finding it did not have jurisdiction to consider the petition. We disagreed with the district court and took jurisdiction of Veile's appeal. We then, however, ruled against Veile on all of his claims and upheld the Board's decision in its entirety. The effect of the district court's decision, had it stood, would have been to leave in place the Board's decision denying Veile all relief he requested. Although we disagreed with the district court's reasoning, the effect of our decision on Veile was the same. We affirmed the Board's finding that Veile had not proven his case against Bryant, and we upheld the Board's decision denying Veile all relief he requested. Veile clearly did not improve his position in his litigation against Bryant through his appeal to this Court.

[¶ 11] As a final issue, Bryant claims that there is no reasonable cause for this appeal and this Court should award sanctions pursuant to W.R.A.P. 10.05. "Generally, this Court is reluctant to impose sanctions, but we will make such an award in those rare circumstances where an appellate brief lacks cogent argument, is devoid of pertinent authority to support the claims of error, and/or fails to make adequate references to the record." *Gray,* ¶ 11, 36 P.3d at 1129–30. In this case the lack of any cogent argument to support the appeal provides the circumstance making sanctions appropriate.

[¶ 12] As explained above, this Court in its *Veile* decision ruled against Veile on all of his claims of Board error. Veile's interests in his litigation against Bryant were in no way vindicated through his appeal to this Court, and no reasonable argument could be proffered to support his request for payment of costs. We can discern no good faith legal basis for this action, and we do not excuse pro se litigants from the requirement that an appeal be supported by cogent argument. *See Welch v. Welch,* 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo.2003). We therefore certify that there is no reasonable basis for this appeal and that sanctions are appropriate.

## CONCLUSION

[¶ 13] We agree with the district court that Veile was not a prevailing party entitled to an award of costs following our decision in *Veile.* We therefore affirm the district court's order denying Veile's motion for payment of costs. Bryant shall submit a statement of costs and attorney's fees associated with responding to this appeal. Upon review, we will award an appropriate amount in the form of sanctions.