MILLER v MEIJER, INC

Docket No. 177749. Submitted May 9, 1996, at Detroit. Decided October 15, 1996, at 9:15 A.M.

Geraldine V. Miller brought an action in the Wayne Circuit Court against Meijer, Inc., seeking damages for injuries sustained in a slip-and-fall accident. The plaintiff rejected a mediation award of $15,000. The defendant made an offer to stipulate the entry of judgment for the plaintiff in the amount of $1,000. The plaintiff rejected the offer and countered with an offer of $25,000. The defendant's failure to accept the offer within twenty-one days was effective as a rejection, making the average offer $13,000. A jury rendered a verdict for the plaintiff, assessed her damages at $50,000, but found her seventy-five percent comparatively negligent. The court, William L. Cahalan, J., entered a judgment for the plaintiff in the amount of $12,500, plus statutory interest, "plus statutory costs and attorney fees to be taxed, plus costs and attorney fees, if any, under the mediation and/or offer of judgment court rules to be determined by the Court upon hearing of any motion timely filed by plaintiff." The plaintiff then sought costs and attorney fees for the defendant's rejection of her offer of judgment under MCR 2.405. The defendant filed objections. The parties conceded that the adjusted verdict, as defined by MCR 2.405(A)(4), was $14,285.21. The court issued an order containing no findings of fact but taxing against the defendant $1,910.91 in statutory costs and $1,089.09 in attorney fees pursuant to MCR 2.405. The attorney fees were $14,923.41 less than requested by the plaintiff. The plaintiff appealed, and the defendant cross appealed.

The Court of Appeals *held*:

The provision of the order taxing costs is proper. The provision awarding plaintiff attorney fees is proper, except with respect to the amount awarded. That portion must be reversed, and the case must be remanded for an evidentiary hearing and findings regarding the amount of attorney fees.

1. The trial court did not abuse its discretion in awarding the plaintiff attorney fees. The fact that the defendant may have proceeded to trial in good faith does not excuse its liability for fees

when it knowingly rejected the plaintiff's offer of judgment at the risk of having to pay those fees.

2. An adjusted verdict is "more favorable" than the average offer, for purposes of MCR 2.405, if the adjusted verdict is more than the average offer.

3. The trial court's award of the plaintiff's costs was proper. Whether the plaintiff could be deemed to be a prevailing party under MCR 2.625(A)(1) is not pertinent to her recovery of costs under MCR 2.405(D).

Affirmed in part, reversed in part, and remanded.

1. TRIAL — MOTIONS AND ORDERS — COSTS — ATTORNEY FEES.

A trial court should inquire into the services actually rendered before approving a bill of costs where the party opposing the taxation of costs challenges the reasonableness of the fee requested; an evidentiary hearing regarding the reasonableness of the fee request is necessary; the court must make findings of fact regarding the attorney fee issue, but need not detail each specific factor considered in its determination of reasonableness.

2. WORDS AND PHRASES — "MORE FAVORABLE."

An adjusted verdict is "more favorable" than the average offer, for purposes of MCR 2.405, if the adjusted verdict is more than the average offer.

3. TRIAL — TAXATION OF COSTS — OFFERS TO STIPULATE ENTRY OF JUDGMENT.

A trial court should consider whether an adjusted verdict exceeded the average offer when a party seeks to recover costs as a prevailing party under MCR 2.625; a plaintiff is not entitled to costs under MCR 2.625 when the adjusted verdict as defined in MCR 2.405(A)(5) is less than the defendant's offer.

*Posner, Posner & Posner* (by *Samuel Posner* and *Gerald F. Posner*), for the plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Lisa T. Milton*), for the defendant.

Before: REILLY, P.J., and CAVANAGH and R. C. ANDERSON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff appeals and defendant cross appeals a circuit court order taxing plaintiff's costs in the amount of $1,910.91 and awarding $1,089.09 for plaintiff's attorney fees. We affirm in part, reverse in part, and remand.

Plaintiff rejected a mediation award of $15,000. Thereafter, defendant made an offer to stipulate the entry of judgment for plaintiff in the amount of $1,000. Plaintiff rejected the offer and countered with an offer of $25,000. Defendant's failure to accept the offer within twenty-one days was effective as a rejection under MCR 2.405(C)(2)(b). Therefore, the average offer was $13,000. MCR 2.405(A)(3).

The case was tried before a jury, which rendered a verdict for plaintiff, assessed damages at $50,000, but found plaintiff seventy-five percent comparatively negligent. In accordance with the verdict, the court entered a judgment for plaintiff in the amount of $12,500, plus statutory interest, "plus statutory costs and attorney fees to be taxed, plus costs and attorney fees, if any, under the mediation and/or offer of judgment court rules to be determined by the Court upon hearing of any motion timely filed by plaintiff."

Plaintiff filed a motion for a hearing regarding taxation of costs and attorney fees for rejection of an offer of judgment under MCR 2.405.[1] Plaintiff requested $16,012.50 for attorney fees (106.75 hours at $150 an hour) and $2,210.91 for costs. Defendant filed objections, arguing, in part, that the amount requested for attorney fees was unreasonable, and requested an evidentiary hearing. On April 15, 1994,

---

[1] Defendant concedes that the adjusted verdict as defined by MCR 2.405(A)(5) was $14,285.21.

the parties appeared to argue the motion for taxation of costs and attorney fees. Primarily, the arguments concerned whether the court should award attorney fees at all. The issue of the reasonableness of the fees was not addressed. The court did not rule on the motion at the hearing, but stated that it would read the cases cited by the parties and render a decision in a few days.

On May 24, 1994, the court issued an order ruling that costs should be taxed against defendant in the amount of $3,000, consisting of $1,910.91 in statutory costs and $1,089.09 in attorney fees pursuant to MCR 2.405. The amount ordered for attorney fees was $14,923.41 less than the fee requested by plaintiff. The court made no findings of fact with regard to this award.

Plaintiff filed a motion for rehearing and reconsideration, arguing that $1,089.09 was grossly inadequate, unreasonable, and clearly erroneous. Plaintiff asked the court to grant the rehearing to reconsider what amount would constitute a reasonable attorney fee and to set forth in detail the reasoning and rationale behind the court's decision. The court denied the motion and rendered no findings.

Where, as in this case, the party opposing the taxation of costs challenges the reasonableness of the fee requested, the trial court should inquire into the services actually rendered before approving the bill of costs. *Wilson v General Motors Corp*, 183 Mich App 21, 42; 454 NW2d 405 (1990). "Although a full-blown trial is not necessary, an evidentiary hearing regarding the reasonableness of the fee request is." *Id.* at 42-43; *Petterman v Haverhill Farms, Inc*, 125 Mich App 30, 33; 335 NW2d 710 (1983). "[T]he trial court need

not detail its findings as to each specific factor considered" in its determination of reasonableness. *Wood v DAIIE*, 413 Mich 573, 588; 321 NW2d 653 (1982). However, the court is required to make findings of fact with regard to the attorney fee issue. *Howard v Canteen Corp*, 192 Mich App 427, 439; 481 NW2d 718 (1992).

Accordingly, the order granting plaintiff $1,089.09 for attorney fees is reversed, and the case is remanded for an evidentiary hearing regarding the reasonableness of attorney fees, following which the court shall make findings of fact regarding this issue.

Next, we address the issues raised by defendant in its cross appeal. We reject defendant's contention that the trial court abused its discretion by awarding plaintiff attorney fees. The grant of attorney fees under MCR 2.405 should be the rule rather than the exception. *Butzer v Camelot Hall Convalescent Centre, Inc (After Remand)*, 201 Mich App 275, 278; 505 NW2d 862 (1993). Although the trial court stated that it did not believe that defendant acted in bad faith by offering "nuisance value" for the claim rather than making plaintiff a "substantial offer," the fact that defendant may have proceeded to trial in good faith does not excuse its liability for fees when it knowingly rejected plaintiff's offer of judgment at the risk of having to pay those fees. *Id.* See also *Luidens v 63rd District Court*, 219 Mich App 24; ___ NW2d ___ (1996).

Defendant also argues that plaintiff was not entitled to recover costs under MCR 2.405(D)(1) because the adjusted verdict ($14,285.21) was not "more favorable" than the average offer ($13,000). Defendant seeks to limit the situations in which costs can be

awarded under MCR 2.405 by applying the limited definition of "more favorable" found in MCR 2.403(O)(3), which applies to mediation sanctions. MCR 2.403(O)(3) states in pertinent part as follows:

[T]he verdict is considered more favorable to a defendant if it is more than 10 percent below the [mediation] evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation.

According to defendant, because MCR 2.405 does not explain what is meant by "more favorable," we should look to MCR 2.403(O)(3) and conclude that the Supreme Court intended that an adjusted verdict should be considered "more favorable" than an offer of judgment only if the adjusted verdict exceeded the offer by ten percent.

There is no authority to support defendant's interpretation of the court rules. Had the Supreme Court intended to limit the situations in which a party could recover costs under MCR 2.405(D) in the same manner as is done in MCR 2.403(O), it would have included language similar to that found in MCR 2.403(O)(3) in MCR 2.405(D). We have no reason to conclude that the omission of such language was unintentional. Therefore, for the purposes of MCR 2.405, an adjusted verdict is "more favorable" than the average offer if the adjusted verdict is more than the average offer. See *Myers v Jarnac*, 189 Mich App 436, 440; 474 NW2d 302 (1991).

Defendant also contends that the award of $1,910.91 as statutory costs to plaintiff was improper because plaintiff should not be deemed to be the prevailing party. Defendant argues that because plaintiff rejected a mediation award ($15,000) that was more

than the jury's verdict, she did not improve her position by presenting her case to the jury. Therefore, according to defendant's argument, plaintiff did not fully prevail and was not entitled to statutory costs under MCR 2.625.

In *Stamp v Hagerman*, 181 Mich App 332, 337; 448 NW2d 849 (1989), this Court held that the plaintiffs were not entitled to costs under MCR 2.625 when the adjusted verdict as defined in MCR 2.405(A)(5) was less than the defendants' offer. In that case, the defendants, in spite of a $17,500 jury verdict in the plaintiffs' favor, recovered their costs under MCR 2.405(D)(1). The plaintiffs argued that they were also entitled to recover their costs under MCR 2.625 because they were the prevailing parties. The trial court agreed. This Court reversed and held that the plaintiffs were not entitled to costs as prevailing parties under MCR 2.625. The plaintiffs did not "fully prevail" because the adjusted verdict did not exceed the defendants' offer. Thus, *Stamp* indicates that when a party seeks to recover costs as a prevailing party under MCR 2.625, the court should consider whether the adjusted verdict exceeded the average offer.

Defendant's reliance on *Stamp* in this case is misguided. Unlike the plaintiffs in *Stamp*, plaintiff in this case was entitled to costs under MCR 2.405(D)(1). Whether plaintiff could be deemed to be a prevailing party under MCR 2.625(A)(1) is not pertinent to her recovery of costs under MCR 2.405(D). *Butt v Giammariner*, 173 Mich App 319, 324; 433 NW2d 360 (1988). Accordingly, the trial court's award of plaintiff's costs was proper.

In summary, the provision in the order taxing plaintiff's costs in the amount of $1,910.91 is affirmed. The

provision awarding plaintiff attorney fees is affirmed, except with respect to the amount awarded. That portion of the order is reversed, and the case is remanded for an evidentiary hearing and findings regarding the reasonableness of the requested attorney fees.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.