# STATE OF MICHIGAN

# COURT OF APPEALS

THERAPY FIRST, LLC, d/b/a THERAPY 1ST,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
December 10, 2015

No. 321853
Wayne Circuit Court
LC No. 11-009809-NF

Before: MURRAY, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Therapy First, LLC, d/b/a Therapy 1st, appeals as of right the trial court's order awarding defendant, State Farm Mutual Automobile Insurance Company, attorney fees of $56,152 pursuant to MCL 500.3148(2). We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

This appeal arises from an August 28, 2009 motor vehicle accident in Detroit involving Roger Bonds, to whom defendant had issued a no-fault insurance policy. In August 2011, plaintiff sued to recover under the no-fault act, MCL 500.3101 *et seq*., approximately $60,000 in physical therapy treatments that it provided to Bonds for injuries allegedly stemming from the August 2009 accident. In October 2013, a jury found that Bonds had suffered an injury arising from the August 2009 accident, but found that plaintiff had not incurred allowable expenses arising from the accident in treating Bonds between August 2010 and March 2012. The trial court entered a judgment for defendant and later awarded defendant $56,152 in attorney fees.

## II. AWARD OF ATTORNEY FEES UNDER MCL 500.3148(2)

Plaintiff first argues that the trial court erroneously awarded defendant attorney fees under MCL 500.3148(2). According to plaintiff, even though defendant disputed the reasonableness and necessity of the services that plaintiff provided to Bonds, the trial court failed to find that any of the services qualified as excessive or without a reasonable foundation. Additionally, plaintiff contends that an award of attorney fees was improper under MCL 500.3148(2) because it introduced evidence that Bonds' doctors had prescribed the physical therapy services that plaintiff provided, and defendant never suggested that plaintiff or Bonds

-1-

engaged in any fraudulent conduct. Plaintiff further argues that the trial court erred to the extent that it relied on the jury's verdict because the jury never made a finding that the therapy services were unreasonable. We reject plaintiff's arguments.

## A. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's "decision to award or deny attorney fees under MCL 500.3148(2)." *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 361; 824 NW2d 609 (2012).

> An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. However, for purposes of MCL 500.3148(2), a trial court's findings regarding the fraudulent, excessive, or unreasonable nature of a claim should not be reversed on appeal unless they are clearly erroneous. A decision is clearly erroneous when a reviewing court is left with a firm and definite conviction that a mistake was made by the lower court. Any issues regarding what legally constitutes fraud "in some respect," excessiveness, and an unreasonable foundation are questions of law subject to de novo review. [*Id*. (quotation marks and citations omitted).]

We review *de novo* the legal questions inherent in statutory interpretation. *Fieger v Cox*, 274 Mich App 449, 464; 734 NW2d 602 (2007). In *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002), the Michigan Supreme Court summarized:

> When faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute. We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous. Where the language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. [Quotation marks and citations omitted.]

## B. ANALYSIS

Plaintiff incorrectly asserts that the trial court misconstrued the circumstances in which it may properly award attorney fees under MCL 500.3148(2). In relevant part, the statute provides that "[a]n insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney *in defense against a claim that was* in some respect fraudulent or *so excessive as to have no reasonable foundation*." MCL 500.3148(2) (emphasis added). As explained in *Gentris*, 297 Mich App at 361-362:

> The language of MCL 500.3148(2) indicates that a court may exercise its discretion by awarding attorney fees to an insurer, but only if a claim was in some respect fraudulent or so excessive as to have no reasonable foundation. The statute does not mandate that the court award attorney fees on a finding of fraud or excessiveness, nor does the statute require the court's findings to be based on the jury's verdict. However, the findings must be able to survive review under the

clearly-erroneous standard. Further, an award of attorney fees under the statute can be entered by a court on the basis of either fraud standing alone or excessiveness with no reasonable foundation or, of course, on the basis of both factors. [Footnote omitted.]

An appellate court should determine the trial court's reasoning in ruling on the motion for attorney fees. *Id*. at 362.

In arguing that the services rendered were reasonable, plaintiff relies on deposition testimony introduced at trial from four doctors who provided the prescriptions for Bonds' physical therapy between November 2009 and March 2012: Dr. Sunitha Santhakumar, a neurologist; Dr. Saul Weingarden, a specialist in physical medicine and rehabilitation; Dr. John Ryan, an orthopedic surgeon; and Dr. Jeffrey Pierce, a specialist in physical medicine and rehabilitation. These doctors agreed that all of the physical therapy they prescribed for Bonds was reasonable and necessary for his recovery from the August 2009 vehicle accident.

However, plaintiff largely ignores the testimony of two witnesses that defendant presented at trial.[1] Dr. Annette DeSantis, a physician who specialized in physical medicine and rehabilitation, testified that she examined Bonds on April 1, 2010. At the time of the examination, Bonds complained about pain in his neck, left hand, left hip, and left leg down to his ankle, which he reported experiencing after an August 2009 motor vehicle accident. Dr. DeSantis undertook a physical examination of Bonds that yielded entirely normal results, including normal ranges of flexion and motion in Bonds' neck, full ranges of motion in both shoulders, no abnormalities in the muscles around Bonds' shoulders, and normal examinations of Bonds' middle back and lower back areas. Dr. DeSantis concluded that Bonds might have suffered "some level of soft tissue strain" in the "neck and low back" and a sprained left elbow due to the August 2009 accident, but "four to six weeks of a therapy program" usually resolved those types of injuries. Likewise, Dr. DeSantis confirmed that four to six weeks of physical therapy would have been reasonable under the circumstances. Dr. DeSantis further noted that she saw in Bonds no objective signs of any "injury or disability related to the motor vehicle accident," and Bonds required no additional physical therapy treatment when she examined him in April 2010.

Defendant also called Polly Swingle, an expert in physical therapy, to testify at trial. Plaintiff did not contest defendant's summary of Swingle's testimony at the hearing on defendant's motion that "the prescriptions were lacking. The treatment was basically worthless.

---

[1] Plaintiff's statement of facts in its brief on appeal omits any reference to the defense evidence. Likewise, the argument portion of plaintiff's brief also fails to summarize defense testimony by Dr. Annette DeSantis, or even reference defense witness Polly Swingle. Thus, plaintiff has violated MCR 7.212(C)(6), which requires that an appellant's brief include "[a]ll material facts, both favorable and unfavorable, . . . fairly stated without argument or bias."

This whole issue of passive modalities that were rendered for . . . 3 months before any actual exercises were performed."[2]

The parties agree that the jury returned a special verdict, which (1) found that Bonds had suffered "accidental bodily injury arising out of the" August 2009 vehicle accident, (2) but rejected that plaintiff incurred any "allowable expenses . . . in its treatment of Roger Bonds from August . . . 2010, through March . . . 2012, arising out of the accidental bodily injury" in August 2009. The jury verdict signals its finding that none of the approximately $60,000 in expenses for which plaintiff sought reimbursement qualified as a "reasonable charge incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a) (defining "allowable expenses" under the no-fault act).

Likewise, at the motion hearing, the parties twice highlighted the evidence they introduced at trial, once during the course of their arguments regarding plaintiff's motion for judgment notwithstanding the verdict (JNOV) or a new trial, and also during their arguments about the meaning of the jury's verdict with regard to defendant's motion for attorney fees and costs under MCL 500.3148(2). The trial court recognized that the jury's verdict indicated that it found plaintiff's reimbursement request "not reasonable." Additionally, the trial court expressed its own conclusion that "the services that were eventually rendered were unnecessary." Thus, we reject plaintiff's argument that the trial court's factual findings were incomplete and conclude, given the context of its statements, that the trial court amply explained the basis for its decision to award defendant attorney fees. *See id.*

Furthermore, we find no basis for concluding that the trial court impermissibly relied on the jury's verdict in awarding attorney fees to defendant. Although plaintiff asserts that the trial court's ruling was solely based on the jury's verdict finding that plaintiff was not entitled to reimbursement for the services, the trial court's statements on the record reveal that the trial court also concluded that "the services that were eventually rendered were unnecessary" because "that's what it seemed like," and "[t]hat's how it came out," based on the evidence presented at trial. Additionally, the fact that the jury awarded plaintiff *no damages* on a claim requesting more than $60,000 further supports the conclusion—but does not conclusively establish on its own—that plaintiff's claim was "so excessive as to have no reasonable foundation." MCL 500.3148(2).

---

[2] Swingle's testimony was not provided in the lower court record received on appeal, and plaintiff failed to respond to this Court's request to produce the transcript. Given plaintiff's failure to produce this portion of the lower court record, we would be justified in treating this issue as waived. *Reed v Reed*, 265 Mich App 131, 160; 693 NW2d 825 (2005), citing MCR 7.210(B); see also *Petraszewsky v Keeth*, 201 Mich App 535, 540; 506 NW2d 890 (1993) ("[G]enerally, the appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated.").

Therefore, in light of the evidence supporting the parties' respective positions, and the jury's verdict that plaintiff incurred no allowable expenses, the trial court did not clearly err in characterizing plaintiff's claim for reimbursement as "so excessive as to have no reasonable foundation." MCL 500.3148(2); *Gentris*, 297 Mich App at 361. Given this finding, the trial court did not abuse its discretion in awarding defendant attorney fees. See *Gentris*, 297 Mich App at 361.

## III. ADDITIONAL CHALLENGES TO THE TRIAL COURT'S AWARD OF ATTORNEY FEES

Plaintiff raises several other challenges to the attorney fees awarded by the trial court. Given our conclusion *infra* that remand is necessary for an evidentiary hearing, we only find it necessary to address two of the additional claims identified by plaintiff.

### A. STANDARD OF REVIEW

"This Court generally reviews for an abuse of discretion a trial court's decision to award attorney fees and the determination of the reasonableness of the fees." *Augustine v Allstate Ins Co*, 292 Mich App 408, 424; 807 NW2d 77 (2011). "This Court review[s] the trial court's factual findings for clear error," which is present if "there is no evidentiary support for [the factual findings] or where there is supporting evidence but the reviewing court is nevertheless left with a definite and firm conviction that the trial court made a mistake." *Id*. (quotation marks and citation omitted; alterations in original). Questions of law underlying the trial court's decision are reviewed *de novo*. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).

### B. AWARD OF ATTORNEY FEES FOR PARALEGAL SERVICES

Plaintiff argues that the trial court erred in allowing defendant to recover $8,296 in attorney fees attributable to paralegal services because the language of MCL 500.3148(2) does not expressly permit an award for fees arising from the services of paralegals or attorney support staff. We disagree.

Plaintiff accurately notes that MCL 500.3148(2) does not specifically refer to a potential award of attorney fees for services that a paralegal performs. However, this argument fails to address the trial court's implicit reliance on MCR 2.626, arising from defendant's reliance on the court rule in its request for attorney fees. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (explaining that when "an appellant fails to dispute the basis of the trial court's ruling, this Court need not even consider granting . . . the relief" sought and may decline to review an appellant's claim [quotation marks and citation omitted]). MCR 2.626 expressly provides that "[a]n award of attorney fees may include an award for the time and labor of any legal assistant who contributed nonclerical, legal support under the supervision of an attorney" as long as "the legal assistant meets the criteria set forth in Article [I], § 6 of the

Bylaws of the State Bar of Michigan."[3]  In addition, plaintiff fails to argue, or cite any authority in support of the proposition, that the trial court erred in interpreting MCL 500.3148(2) and MCR 2.626 together.  "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."  *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).  Thus, because plaintiff does not address the basis for the trial court's ruling or offer any relevant argument or authority, we deem this contention abandoned.

Nevertheless, we conclude that plaintiff's argument has no merit.  Once the trial court determined that plaintiff's claim was "fraudulent or so excessive as to have no reasonable foundation," it could award defendant "a reasonable sum against [plaintiff] as an attorney's fee for the insurer's attorney."  MCL 500.3148(2).  The Legislature did not define the term "attorney's fee" for purposes of MCL 500.3148, but, as stated, MCR 2.626 expressly provides for the inclusion of the time and labor of legal assistants in an award of attorney fees.  When their language does not conflict, statutes and court rules relating to the same subject matter should be read harmoniously.  See *Lapeer Co Clerk v Lapeer Circuit Court*, 469 Mich 146, 165,

---

[3] Article I, § 6 of the bylaws states:

Any person currently employed or retained by a lawyer, law office, governmental agency or other entity engaged in the practice of law, in a capacity or function which involves the performance under the direction and supervision of any attorney of specifically-delegated substantive legal work, which work, for the most part, requires a sufficient knowledge of legal concepts such that, absent that legal assistant, the attorney would perform the task, and which work is not primarily clerical or secretarial in nature, and:

(a) who has graduated from an ABA approved program of study for legal assistance and has a baccalaureate degree; or

(b) has received a baccalaureate degree in any field, plus not less than two years of in-house training as a legal assistant; or

(c) who has received an associate degree in the legal assistant field, plus not less than two years of in-house training as a legal assistant; or

(d) who has received an associate degree in any field and who has graduated from an ABA approved program of study for legal assistants, plus not less than two years of in-house training as a legal assistant; or

(e) who has a minimum of four (4) years of in-house training as a legal assistant;

may upon submitting proof thereof at the time of the application and annually thereafter become a Legal Assistant Affiliate Member of the State Bar of Michigan.

170; 665 NW2d 452 (2003). Here, MCL 500.3148(2) and MCR 2.626 relate to the same subject matter, *i.e.*, attorney fees, and do not conflict.

Thus, in reading the statute and court rule harmoniously, paralegal fees are recoverable as attorney fees in this matter, as long as the requirements of MCR 2.626 are satisfied.

## C. FAILURE TO HOLD AN EVIDENTIARY HEARING ON THE REQUESTED ATTORNEY FEES

Plaintiff also argues, *inter alia*, that the trial court erred in granting defendant's request for attorney fees without holding an evidentiary hearing on the requested fees. As such, it requests that we remand this case for an evidentiary hearing solely limited to the requested attorney fees that arose from paralegal services and that allegedly arose from the defense of another case. We agree.

In the trial court, plaintiff specifically asserted that factual disputes existed "as to the amount of preparation on certain tasks by the attorneys of record in addition to the inclusion and calculation of time spent by support staff." Additionally, plaintiff expressly requested, if the trial court "finds that [d]efendant is entitled to the recovery of attorney fees[,] that an evidentiary hearing be scheduled to determine the proper reasonableness of the fee and the amount of hours expended in the present action." Thus, we conclude that plaintiff challenged in the trial court defendant's requested attorney fees arising from paralegal services and the number of hours spent defending this case.

As such, the trial court's failure to hold an evidentiary hearing on these issues was in error. "When requested attorney fees are *contested*, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005) (emphasis added); see also *Smith v Khouri*, 481 Mich 519, 532; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.) ("If a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence.").[4]

---

[4] See also *Jager v Nationwide Truck Brokers, Inc*, 252 Mich App 464, 488-489; 652 NW2d 503 (2002) ("A trial court should hold an evidentiary hearing when a party is challenging the reasonableness of the attorney fees claimed; however, if the parties created a sufficient record to review the issue, an evidentiary hearing is not required." [Citations omitted.]), overruled on other grounds by *Elezovic v Ford Motor Co*, 472 Mich 408 (2005); *Miller v Meijer, Inc*, 219 Mich App 476, 479; 556 NW2d 890 (1996) ("Where . . . the party opposing the taxation of costs challenges the reasonableness of the fee requested, the trial court should inquire into the services actually rendered before approving the bill of costs."); *Petterman v Haverhill Farms, Inc*, 125 Mich App 30, 33; 335 NW2d 710 (1983) ("The itemized bill in itself was not sufficient to establish the reasonableness of the fee, nor was the trial judge required to accept it on its face. The burden of proving fees rests upon the claimant of those fees. When plaintiff challenged the

Additionally, the party requesting the fees carries the burden of proving that it is entitled to the fees. *Smith*, 481 Mich at 528-529; *Augustine*, 292 Mich App at 423. Accordingly, defendant carried the burden of proving that it was entitled to fees arising from paralegal services. Pursuant to MCR 2.626, proving an entitlement to fees related to paralegal work required evidence that a "legal assistant meets the criteria set forth in Article [I], § 6 of the Bylaws of the State Bar of Michigan."

Here, defendant provided no proof of the qualifications of the paralegals that worked on this case. Without evidence that the paralegals met the qualifications delineated under Article 1, § 6 of the Bylaws of the State Bar of Michigan, the trial court did not have a legal basis for including fees arising from their work in its award of attorney fees to defendant.

Therefore, we conclude that further evidence is required in order for the trial court to properly determine the amount of attorney fees to which defendant is entitled. However, again, in this appeal, plaintiff only contests the fees awarded to defendant that arose from paralegal services or work on tasks unrelated to this case. The plaintiff does not contest the overall reasonableness of the attorney fees claimed by defendant. Consistent with plaintiff's limited request for relief, we vacate in part the trial court's award of attorney fees and remand for an evidentiary hearing specifically limited to the attorney fees previously awarded that may have arisen from paralegal services or work performed on unrelated cases. See MCR 7.216(A)(5), (6). After considering the additional evidence, the trial court shall determine the appropriate amount of attorney fees to which defendant is entitled. See *Smith*, 481 Mich at 530-534.

## IV. CONCLUSION

The trial court did not abuse its discretion in awarding defendant attorney fees under MCL 500.3148(2). However, due to the trial court's failure to hold an evidentiary hearing, the record is insufficient to determine whether attorney fees were properly awarded for paralegal services and whether attorney fees were awarded for work performed on unrelated matters.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

reasonableness of the fee requested, the trial court should have inquired into the services actually rendered by the attorney before approving the bill of costs." [Citations omitted.]).