*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBECCA E. CHEW, formerly known as
REBECCA E. LOPEZ,

Plaintiff-Appellee,

v

JOSEPH P. LOPEZ,

Defendant-Appellant.

UNPUBLISHED
April 25, 2024

No. 366641
Clinton Circuit Court
LC No. 21-030034-DO

Before: M. J. KELLY, P.J., and JANSEN and MURRAY, JJ.

MURRAY, J. (*dissenting*).

I would affirm the trial court's order granting defendant $2,500 in attorney fees. I have no objection to the law recounted by the majority, as this Court has clearly indicated that when a trial court fails to follow the *Smith/Pirgu*[1] process and does not apply the relevant factors, it errs. *Powers v Brown*, 328 Mich App 617, 623-624; 939 NW2d 733 (2019). But that doesn't address the problem underlying defendant's appeal. As I see it, defendant failed to come close to carrying his burden of proof. In fact, he submitted *no* evidence at the evidentiary hearing regarding the work any fees covered, how many hours were expended, and the hourly rate paid. And, the burden of proof rested squarely on him as the party requesting attorney fees. *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008).

The court may only award reasonable fees, not actual fees, *Smith*, 481 Mich at 528 n 12, and because the fees sought[2] were objected to by plaintiff, the court appropriately conducted an evidentiary hearing, *Miller v Meijer, Inc*, 219 Mich App 476, 479; 556 NW2d 890 (1996). But at

---

[1] *Smith v Khouri*, 481 Mich 519, 528 n 12; 751 NW2d 472 (2008), and *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

[2] Defendant's brief had a blank space for insertion of the amount requested, and in the conclusion he only asked for a reasonable and actual attorney fee. Thus, in essence, defendant never specified in his brief what amount of fees he sought.

that hearing, defendant did not submit *any* evidence regarding any actual fees or reasonable fees incurred. Although defendant did submit some billings and an affidavit with the motion, as the trial court noted, defendant never moved to admit any of that into evidence during the evidentiary hearing. Consequently, there was no evidence in the record (from defendant) on the actual or reasonable fees sought. So, although the trial court is to consider the amount of fees requested, *In re Martin (After Remand)*, 205 Mich App 96, 109; 517 NW2d 749 (1994), rev'd on other grounds 450 Mich 204 (1995), as well as the professional standing and experience of the attorney, the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal service properly, and the expenses incurred, see *Smith*, 481 Mich at 529; MRPC 1.5(a), it could not do so when defendant—the party with the burden of proof—failed to submit *any* evidence regarding the reasonable fees incurred. I would affirm.


/s/ Christopher M. Murray